## ABERCROMBIE *vs.* ALLEN.

[ACTION ON CONTRACT TO RECOVER OVERSEER'S WAGES.]

1. *Admission implied from silence.*—In an action on a contract to recover wages due plaintiff as overseer of defendant's plantation and negroes, the plaintiff cannot be allowed to prove that, during an altercation which occurred between him and defendant on the trial of another suit before a justice of the peace, "he said, in the presence and hearing of defendant, that he took good care of everything as defendant's overseer, and that defendant did not deny the same."

APPEAL from the Circuit Court of Perry.
Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by the appellee, to recover damages for the defendant's breach of a contract, by which plaintiff agreed to serve him as overseer for the year 1853, at a stipulated price; the complaint alleging, that the defendant, wrongfully, and without cause, discharged plaintiff before the end of his term of service, and prevented him from performing his part of the contract, as he was ready and willing to do. The defendant pleaded, among other things, *non assumpsit*, tender, and that plaintiff did not faithfully perform his part of the contract.

On the trial, the plaintiff offered in evidence the deposition of one Seaborn Aycock, which was taken on interrogatories and cross-interrogatories, and which contained the following sentences : " The said Allen performed his duties as overseer as well as any person I ever saw, and from Abercrombie's own statement, he was better pleased with him than with any man he had ever had." " From Abercrombie's own statement, he turned off said Allen." The defendant " made several and distinct objections to each of these answers"; but the court overruled his objections, and the defendant excepted.

" The plaintiff offered evidence, also, tending to show that, on the trial of a suit before a justice of the peace, for damages for wasting provisions set apart for the slaves under the charge of plaintiff as overseer, an altercation took place between the

19

parties to said suit, and defendant then and there charged plaintiff with wasting his provisions; and then offered to prove, that plaintiff then and there denied said charge, and said that he had discharged his duty as defendant's overseer, and that either he or his wife was always present when meat was given out for the negroes. The defendant objected to the introduction of these declarations of plaintiff; but the court overruled the objection, and the defendant excepted. The plaintiff offered to prove, also, that on said trial, and during said altercation, he said, in the presence and hearing of defendant, that he took good care of everything as defendant's overseer, and that the defendant did not deny the same. The defendant also objected to this evidence ; but the court overruled the objection, and the defendant excepted."

These rulings of the court, with others, are now assigned as error.

I. W. GARROTT, for the appellant.

WM. M. BROOKS, *contra.*

RICE, C. J.—A party may introduce his own declarations as evidence for himself, when the silence of the other party amounts, in law, to an admission of their truth. But the rule in relation to evidence of that kind, is, that it is to be received with the greatest caution, and never should be received, unless the statement was heard and understood by the party against whom it is offered, and was of such a character, and made under such circumstances, as naturally to call for a reply.—Spencer v. The State, 20 Ala. R. 24 ; Lawson v. The State, *ib.* 65 ; Watson v. Byers, 6 *ib.* 393 ; Wheat v. Croom, 7 *ib.* 349. It is impossible to sustain the ruling of the court below in allowing the plaintiff to prove in this suit that, during the *the altercation* which occurred *on the trial* of another suit before the justice of the peace, " he said, in the presence and hearing of defendant, that he took good care of everything as defendant's overseer, and that defendant did not deny the same."

As this error of the court below must work a reversal, we decline to decide the other questions. But as to the objections to parts of the deposition read by plaintiff, we refer to

McCreary v. Turk, at this term; and as to the other objections, we refer to 2 Cowen & Hill's Notes to Phil. Ev. (edition of 1839), 761 ; Mendum v. Commonwealth, 6 Rand. R. 705 ; Lawson v. The State, *supra;* Havis v. Taylor, 13 Ala. R. 324.

Judgment reversed, and cause remanded.