141 So. 537

## BIRMINGHAM ELECTRIC CO. v. GLENN.

### 6 Div. 895.

Supreme Court of Alabama.

March 31, 1932.

Rehearing Denied May 19, 1932.

Lange, Simpson & Brantley, of Birmingham, for appellant.

622

G. W. Weaver and W. W. Wallace, both of Columbiana, and Altman & Koenig, of Birmingham, for appellee.

BOULDIN, J.

The action is for personal injuries charged to the negligent or wanton act of the servant of defendant.

Plaintiff claims she was a passenger on a street car of defendant carrier, and while in the act of alighting, the conductor, prematurely closing the gate or door of the car, caused it to strike the plaintiff and throw her or cause her to fall from the car to the pavement, resulting in injury.

The original complaint, filed some ten days after the alleged injury, catalogued her injuries thus: "was cut, bruised, her left knee bruised, wrenched, and lacerated, her back wrenched, bruised and made sore, the fingers on her right hand bruised, torn, and lacerated, and plaintiff was shocked and otherwise injured in her person."

On the trial this allegation was added by amendment: "and plaintiff who at said time was eight months pregnant was threatened with a miscarriage by reason of her said fall and injuries and confined to her bed for a long period of time, to-wit, three (3) months."

Defendant thereupon moved for a continuance upon the ground of surprise and want of opportunity to prepare a defense against the new element of damages thus introduced.

Appellant, by appropriate assignment of errors, and in brief strongly insists there was abuse of discretion in denying the motion for a continuance.

Defendant filed a well-prepared and searching series of interrogatories to plaintiff under the statute for discovery at law. Code, § 7764.

The answers, filed many months before the trial, disclosed she was claiming resultant injuries of the kind brought in by such amendment, and that in much fuller detail than in the amendment. This was full notice to the defendant that recovery of this element of damages was sought.

This fact, in turn, charged defendant with notice that the complaint would be amended, if need be, to include the same.

There was no error in denying the motion for continuance.

The hypothetical question to Dr. Hankins, made the basis of assignment of error No. III, is not subject to the objection that the several facts hypothecated did not find substantial support in the evidence. The insistence that the question should have hypothesized the presence of uremic poisoning as a separate and independent cause of the sufferings complained of is untenable. The evidence of the witness clearly attributes the convulsions before and at childbirth to uremic poisoning, which probably resulted from the shock and debility produced by the accident.

The hypothetical question was omissive in failing to hypothesize that plaintiff was in sound health, free from the symptoms enumerated, at the time of the accident. There was such evidence.

The objection did not call such omission to the attention of the court. To put the court in error, this should be done. Long Distance Telephone & Telegraph Co. v. Schmidt, 157 Ala. 391, 47 So. 731.

In this case the answer of the witness shows his opinion was hypothesized on good and sound health prior to the accident.

The jury were thus fully advised that his opinion evidence was to be considered in connection with such evidence.

The rules governing the introduction of expert opinion evidence through hypothetical questions have been often declared, and need not be here repeated. Hamilton v. Cranford Mercantile Co., 201 Ala. 403, and authorities cited page 406, 78 So. 401.

Drawing out on cross-examination testimony wholly immaterial did not entitle de-

fendant to introduce testimony to contradict the witness. A witness cannot be thus impeached.

There was, therefore, no error, in disallowing the question made the basis of assignment of error V.

■ The case properly went to the jury on the count for wanton injury as well as that for negligent injury.

■ Charges 7 and 9 were refused to defendant without error. If not misleading for failure to limit same to the simple negligence count, they were fully covered by the court's oral charge.

The fact of injury, its extent and duration, were all jury questions under the evidence.

If found in keeping with the evidence of plaintiff and her witnesses, we cannot say the verdict is so manifestly excessive as to call for a revision by this court.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

### On Rehearing.

BOULDIN, J.

The opinion is challenged in holding that facts disclosed in answer to statutory interrogatories touching the nature and extent of damages claimed are such notice to the examining party as to prevent surprise by the filing of an amendment claiming such damages; and, therefore, there was no abuse of discretion in denying a motion for continuance upon the ground of surprise.

We reassert the rule declared as obviously correct.

■ It is further insisted that the opinion does not take note of and give proper significance to the fact that other amendments had been filed after answers to the interrogatories, not making any mention of plaintiff's pregnancy, etc.; that these further pleadings tended to mislead and conceal the main element of damages brought forward. One or more amendments cannot be treated as cutting off others; but aside from that, one of these prior amendments, count A, did present the issue in such form as to admit evidence of plaintiff's pregnant condition and injury due to same. Birmingham Electric Company v. Mealing, 214 Ala. 597, 108 So. 511.

Application overruled.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.