184 So. 210

## KIEL v. STATE.

### I Div. 38.

Supreme Court of Alabama.

Oct. 27, 1938.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

Granade & Granade, of Chatom, for respondent.

THOMAS, Justice.

The rule of res gestæ need not be repeated. Roan v. State, 225 Ala. 428, 433, 143 So. 454.

The Court of Appeals well states that the application of the rule depends on whether the circumstances are such that it may be affirmed as reasonably certain that, (1) the declarations were produced by, or were instinctive of the occurrences to which such exclamations, declarations or outcry relate, or which give character or characterize the act or principal fact for decision, rather than a retrospective narrative of such occurrences; (2) the declarations must be contemporaneous with the main facts and so closely connected with it as to illustrate its character. Sandlin v. State, 25 Ala.App. 311, 146 So. 82.

We think the exclamation of Hattie Bumpers, detailed by other witnesses, was competent evidence within the res gestæ rule. It was admitted in evidence against the objection of the defendant without error.

We have considered the testimony of the state's witness, tending to prove an alleged accusation by Hattie Bumpers while she, the defendant and others, were returning home through the cemetery after the homicide. It was not within the rule of the res gestæ, or an admission by a guilty silence on the part of the defendant. Johnson v. State, 17 Ala. 618, 624. In the action of the trial court in admitting, against the objection of defendant, the last declarations of said witness, and dealt with by the Court of Appeals, there was reversible error. It is upon this ruling that the judgment of the Court of Appeals may be justified, and the ruling in denying the writ of certiorari rested.

The petition for certiorari is, therefore, denied.

Writ denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.