25 So.2d 417

## PUGH v. STATE.

### 3 Div. 444.

Supreme Court of Alabama.

March 28, 1946.

R. L. Farnell, of Montgomery, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

**LIVINGSTON, Justice.**

Cleveland Patton and Frank Pugh were jointly indicted and jointly tried in the Circuit Court of Montgomery County, Alabama, for the offense of robbery. The jury returned a verdict of guilty against both defendants, and fixed Patton's punishment at death, and Pugh's punishment at life imprisonment in the penitentiary. Judgment was accordingly entered against both defendants, and both appealed. Patton died pending the appeal, and by order of this Court the appeal as to him was abated. We now proceed to determine the questions presented by Pugh's appeal.

The State's principal prosecuting witness, one Richard Goldsmith, testified in substance as follows: That he operated a small ice cream parlor on West Jeff Davis Avenue in the city of Montgomery, Alabama, and that between 10:15 and 10:30 o'clock on the night of April 11, 1945, Cleveland Patton and Frank Pugh came to his place of business ostensibly to buy ice cream; that his place of business is very small, being six feet wide and twelve feet long, and without a front entrance; that there was a small counter across the front, facing West Jeff Davis Avenue, where customers were served through an opening or window; that Cleveland Patton approached the counter and asked for an ice cream cone, and while he was serving Patton the ice cream and a package of peanut butter sandwiches, Patton put a pistol in his (Goldsmith's) breast and demanded his money; that while this was taking place at the front of the place of business, Pugh gained entrance to the place through a screen door on the side of the building by cutting the screen with a knife; that Pugh also demanded his money and began searching the place, found and took from a box the sum of $140, and, in the language of Goldsmith, "wrung the wrist watch off of my hand"; that Pugh also found some pistol cartridges, and demanded Goldsmith's gun; that Goldsmith denied having a gun; that Pugh looked for the gun, and not finding it backed out of the screen door; that all the time Pugh was inside the place of business Patton held a gun on him (Goldsmith); that Patton and Pugh ran, and he shot at them twice but missed.

Patton and Pugh lived in Mobile, Alabama, but admitted that they were in Montgomery on the night of the robbery, and went to Atlanta, Georgia, the next day. They denied any knowledge of the robbery, and their testimony, together with that of other witnesses, tended to establish an alibi.

The State in presenting its main case offered in evidence two photographs of ap-

pellant Pugh marked "Mobile police 944, 3–2–43." Appellant interposed objections. The court ruled "until other evidence is introduced, I agree with your motion, sustain the objection." The record shows the following further proceedings in regard to the photographs: "Just before the argument of the case to the jury the solicitor said, 'We offer these two pictures in evidence.' The court said: 'I will admit them at this stage of the game.' Mr. Dozier: 'Now, you can show them to the jury.' No objection was made to their going to the jury."

■ Objections to evidence cannot be raised for the first time on appeal, and where no objection is raised in the lower court there is nothing to review here, 2 Alabama Digest, Appeal and Error, ☞204, and that is the effect of the record in regard to the photographs.

The trial court overruled appellant's motion for a new trial. Ground 8 of the motion is as follows:

"The court erred in failure to declare a mistrial upon defendant's motion, when, contrary to the ruling of the court, after the court had sustained the defendant's objection to their being offered in evidence, the solicitor proceeded to display photographs of the defendant to the jury, to the prejudice of the defendant."

■■ No evidence was offered in support of the motion for a new trial, and the record fails to disclose that appellant moved for a mistrial. In the absence of proof, we cannot consider ground 8 of the motion for a new trial. For like reasons, this Court cannot consider grounds 6, 7 and 9 of appellant's motion for a new trial. Motions for new trials based on matters dehors the record must be supported by proof.

■ Ground 5 of appellant's motion for a new trial is based on the alleged refusal of the trial court to grant a continuance of the cause because of the absence of two defense witnesses. As we construe the record, the motion for a continuance was made on the day the cause was set for trial, and was continued to the following day in order to try to secure the presence of said witnesses. On the following day it appeared that the two missing witnesses could not be found, and counsel for appellant announced ready for trial without insisting for a further continuance. But be that as it may, the con-

tinuance of a cause rests largely in the discretion of the trial court; and the exercise of this discretion will not be here overturned in the absence of abuse. Ex parte Taylor, ante, p. ——, 24 So.2d 217. No such abuse appears.

Appellant requested no written charges, nor did he reserve any exception to the trial court's oral charge.

■ We are not persuaded that the verdict rendered is contrary to the preponderance of the evidence. No error to reverse is found in the record, and the cause is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.