250 So.2d 695

**David G. DURHAM**

**v.**

**STATE.**

**Ex parte David G. Durham.**

**1 Div. 616.**

Supreme Court of Alabama.

Feb. 5, 1970.

Frank W. Riggs, III, Montgomery, for petitioner.

MacDonald Gallion, Atty. Gen., for the State.

250 So.2d 696

**David G. DURHAM**

**v.**

**The STATE of Alabama.**

**Ex parte David G. Durham.**

**1 Div. 616.**

Supreme Court of Alabama.

May 6, 1971.

Rehearing Denied June 10, 1971.

William C. Taylor, Mobile, for petitioner.

William J. Baxley, Atty. Gen. and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PER CURIAM.

We ordered the issuance of a Writ of Certiorari to the Court of Criminal Appeals after granting Durham's Application for Rehearing.

After further deliberation, we have concluded that the Application for Rehearing should not have been granted and that we should not have ordered the issuance of the Writ of Certiorari. Those orders are vacated.

The judgment of the Court of Criminal Appeals stands affirmed.

All of the Justices concur except HEFLIN, C. J., who dissents.

HEFLIN, Chief Justice (dissenting):

On February 5, 1970, this Court denied the issuance of the Writ with two members of the Court dissenting. On March 1, 1971, Application for Rehearing was granted and the Writ issued.

Several unusual questions were presented in the Petition for Writ of Certiorari to which careful consideration was given. However, the major substantive question which the Court felt deserved particular study was in connection with the admissibility in the trial court of evidence of alleged unlawful sexual activity with a third person where such evidence merely tended to show the disposition, inclination, propensity or depravity of the accused.

During the trial the prosecutrix's younger sister, Rita Nelson, testified that, on occasions occurring before the alleged offense with Evelyn Nelson, her stepfather (petitioner-defendant) had attempted to have sexual intercourse with her but could not accomplish his purpose because she was too small. The petitioner-appellant-defendant assigned as error the admission of such testimony over objection in his appeal to the Alabama Court of Criminal Appeals.

Said criminal appeals court held that such testimony was admissible and relied upon and quoted from Lee v. State, 246 Ala. 69, 18 So.2d 706, in support of its holding.

This Court has established the rule that evidence of other similar acts and crimes is admissible in the prosecution for sex crimes, including fornication, statutory rape, sodomy and carnal knowledge, as bearing on the notice, intent, scienter and identity of the accused. See Wilkins v. State, 29 Ala. App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81; Brown v. State, 32 Ala.App. 131, 22 So.2d 445; Daniels v. State, 243 Ala. 675, 11 So.2d 756; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Jackson v. State, 229 Ala. 48, 155 So. 581.

However, this Court in Brasher v. State, 249 Ala. 96, 30 So.2d 31, a case involving the prosecution for carnal knowledge of a thirteen year-old girl wherein the state in the trial was allowed to introduce evidence of the defendant's alleged mistreatment of a five year-old girl approximately four months prior to the act forming the basis of the prosecution, addressed itself to this question:

"* * * Can the prosecution introduce evidence of other offenses committed by the accused with third persons for the purpose of identifying him as the person who committed the specific crime charged, when such evidence does nothing more than show the accused's inclination or disposition to commit that type of crime or to show his sexual depravity?" Id. at 99, 30 So.2d at 33.

In a well-reasoned opinion, this Court, as then constituted, concluded that the rule in the *Wilkins* case should not be extended so as to permit the state to introduce evidence of other offenses committed by the accused with third persons for the purpose of identification when such evidence merely tends to show disposition, inclination, propensity or depravity. It is inescapable that the reasoning of *Brasher* applies to all reasons for admission and not merely to the

matter of identity, if such evidence merely tends to show the accused's inclination or disposition to commit that type of crime or to show his sexual depravity.

Justice Lawson in *Brasher* stated as follows:

"Such testimony in its final analysis shows nothing more than that the defendant's character is bad or that he is morally deficient. The prosecution cannot attack the character of the defendant, unless he first puts that in issue by offering evidence of his good character. It cannot show the defendant's bad character by showing particular acts. It follows, therefore, that for the purpose of identification, the prosecution should not be permitted to give in evidence other crimes of the defendant, committed on or with other persons, unless they are so connected by circumstances with . the particular crime in issue as that the proof of one fact with its circumstances has some bearing upon the issue on trial other than to show the defendant's bad character or moral delinquency. State v. Flath, 61 N.D. 342, 237 N.W. 792." Id., at 100, 30 So.2d at 34.

In the case under review, I fail to see where the evidence of the accused's alleged activities with Rita Nelson has any connection with the particular crime for which Durham was tried other than to show his purported disposition, inclination, propensity or depravity.

*Brasher* is a later expression of this Court than Lee v. State, supra. The scholarly rationale of *Brasher* persuades me to follow it in the case at bar.

In his original Petition for Writ of Certiorari, Durham did not point out the conflict existing between *Brasher* and the decision of the Court of Criminal Appeals in the instant case. However, this point was argued in brief. At the time of oral argument, petitioner's counsel orally requested of this Court leave to amend the Petition for Writ of Certiorari to cure this defect. At the conclusion of the oral arguments, the cause was submitted but this Court reserved the right to determine whether or not the petitioner should be allowed to amend his petition.

On the day following the oral arguments, a written motion for leave to amend the Petition for Writ of Certiorari, as well as the amendment of said petition, was filed by counsel for the petitioner. On the same day, the state filed a motion to strike said motion for leave to amend and said amendment of petition.

While no vote was taken by this Court on the substantive question, it clearly appeared from discussions in a general conference of this Court that the majority felt that the rationale of *Brasher* should control over Lee v. State, supra. A majority of the Court felt that the amendment came too late and, therefore, no treatment should be given to the substantive issue. Being motivated by a philosophy that cases should be determined on their merits whenever possible, I am of the opinion that the amendment to the Petition for Writ of Certiorari should be granted and the Court should address itself to the substantive issue.

Section 1072, Title 7, Code 1940, is as follows:

"All applications for mandamus, prohibition, certiorari, or other remedial writ of a supervisory nature, shall be commenced by a petition verified by affidavit, in which the facts shall be stated as briefly and succinctly as the case will admit of; and any defendant may demur, plead, or answer as to all such matters as may be necessary to his defense; *and any of the pleadings in such proceedings may be amended as often as occasion may require to attain the ends of justice*, and by striking out parties and adding new parties; and upon the issues thus presented, the court shall award the relief, if any, to which the petitioner is entitled." (Emphasis supplied.)

Rule 39 of the Rules of the Supreme Court, as last amended (effective as of

December 14, 1970), and the previously existing Supreme Court Rule 39 are and were silent pertaining to the amending of pleadings concerning certiorari.

This Court in the past has refused to allow petitions for writ of certiorari to be amended in order that said petitions, as amended, appear on transcript paper. Nix v. State, 251 Ala. 1, 36 So.2d 456; Barnett v. Patillo, 251 Ala. 1, 36 So.2d 451. See 7 Alabama Digest, Criminal Law, ☞1071, for additional cases.

In Jemison v. State, 270 Ala. 589, 120 So.2d 751, an application for rehearing was filed on February 23, 1960. On March 7, 1960, the original petition for certiorari (not on transcript paper) was filed. On March 10, 1960, the Attorney General moved to strike said petition on the ground that it was not on transcript paper. On March 15, 1960, petitioner moved for leave to resubmit his petition within 10 days. No action was taken on this motion. On March 21, 1960, such petition was received in the Clerk's office. As was true in Houston v. State, 265 Ala. 588, 93 So.2d 439, the Court held that the filing for the first time of a petition on transcript paper, after the expiration of the prescribed 15 days, did not meet the requirements of Supreme Court Rule 39.

However, compliance with said Rule 39 has repeatedly been held to be jurisdictional. Oliver v. State, 256 Ala. 295, 54 So.2d 618; Dawson v. State, 259 Ala. 205, 66 So.2d 568; Johnson v. State, 261 Ala. 373, 74 So.2d 508; Reserve Life Ins. Co. v. Longshore, 262 Ala. 95, 77 So.2d 392. Thus the failure to use transcript paper for a petition for certiorari is a jurisdictional defect which necessitates the striking of an amendment of such a petition that puts the amended petition on transcript paper, if such amendment is filed after the passage of the 15 days.

In the case of Ex Parte Ewart-Brewer Motor Co., 211 Ala. 191, 99 So. 836, a petition for certiorari to the Court of Appeals was filed by the petitioners seeking a review pertaining to an original mandamus proceeding in the Court of Appeals wherein E. N. Cunningham had sought to mandamus Judge John Denson. The Petition for Writ of Certiorari was not filed by Judge John Denson but by Ewart-Brewer Motor Company, et al. (who were not parties in the mandamus proceedings in the Court of Appeals). After the expiration of the 15 days, petitioners for writ of certiorari attempted to amend so as to make Judge John Denson a party. This Court held that since Judge John Denson was not a party to the original petition that the original petition was, therefore, abortive and since the attempted amendment came after 15 days, it was not allowed. Again this was a jurisdictional matter.

In none of the cases that I have seen pertaining to the matter of amending petitions for writ of certiorari has the statute —Section 1072, Title 7, Code of 1940—been mentioned. Possibly it has been overlooked.

In those cases in which amendments were not allowed, there was a jurisdictional problem involved. In the case under review, the amendment comes after the writ was issued, therefore, I fail to see how the amendment would present a jurisdictional problem. The amendment seeks to add an additional ground that had been previously argued in the brief of the petitioner. Therefore the state would not be placed in a position of disadvantage if such amendment had been allowed.

There being a statutory expression that pleadings in certiorari proceedings may be freely amended and there being no rule of this Court prohibiting the same, I feel the amendment should be allowed. Since there is no decision or rule of this Court which would prevent this amendment and being motivated to decide cases on the issues rather than on technicalities, I would permit the amendment, even in the absence of the said statutory expression. Therefore, I must respectfully dissent.