285 So.2d 516

**Albert KILPATRICK**

**v.**

**STATE.**

**8 Div. 233.**

Court of Criminal Appeals of Alabama.

Aug. 28, 1973.

Rehearing Denied Sept. 25, 1973.

354

Hardwick & Edwards, Decatur, for appellant.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

ELWOOD L. HOGAN, Circuit Judge.

The defendant in this cause was found guilty of rape and the Jury returned a verdict fixing his punishment at 20 years imprisonment in the state penitentiary. From the judgment and sentence pronounced by the Court, the defendant appealed.

I

It appears from the transcript of the record that on August 11, 1968, the prosecutrix, an elderly female invalid who had been a recent patient at the Bryce ·Hospital in Tuscaloosa for a number of years, was being cared for at the home of the defendant (her nephew) in Morgan County, Alabama. From the evidence in the record, it further appears that she had encountered a sexual experience with a male. The evidence is in conflict as to the defendant's presence at the time the sexual act was committed, one version placing the defendant near the bed of the prosecutrix shortly after she had been assaulted and another account being to the effect that the defendant was on his front porch in a drunken state when certain witnesses discovered the prosecutrix in bed in a condition indicating recent sexual intercourse.

The defendant entered a plea of not guilty and presented alibi evidence in his behalf indicating that he was not in his home at the time of the assault.

II

The defendant first contends that error was committed by the trial court in overruling the defendant's objection to a question eliciting testimony of an accusatory statement made in his presence. Portions of the testimony of Mrs. Marveline Burnett, witness for the State, follow:

\*       \*       \*       \*       \*       \*

"Q.  All right, I will ask you this. If when Hazel came up to you all, did she walk up to the Defendant in his presence and make a statement to him?

"A.  She first went into the house, I believe, and she come back out and she looked at Albert and she said—

"MR. POWELL: We object to what she said.

"THE COURT: If in the presence of—Was Albert there?

"A.  Yes, Sir.

"THE COURT: Overruled.

"Q.  Was it stated to Albert?

"A.  Yes, Sir, it was stated to him.

"Q.  All right, tell the Jury what it was?

"A.  She looked at Albert and said, 'You son of a bitch, you have raped Aunt Grace again.'

"MR. POWELL: We object to this.

"THE COURT: What did you say?

"A.  She looked at Albert and said, 'You son of a bitch, you have raped Aunt Grace again.'

"THE COURT: All right, now, the importance of that is only in what the reply was, if any, and the statement itself is allowed only to see the reaction of the defendant to it. So, what did he say or do?

"A. I believe he looked at her and said, 'You know I didn't do it.'

"Q. 'You know I didn't do it?'

"A. Or, 'You know I wouldn't do a thing like that.' "

\* \* \* \* \* \*

■ Under the implied admissions rule, sometimes referred to as the tacit admissions rule in other jurisdictions, statements tending to incriminate a defendant, made in his presence, understood by him, and being of such character and made under such circumstances as naturally would invite a reply or denial, where the defendant was so circumstanced that he should and could refute such statements come within the rule and the defendant's silence or omission to controvert or explain them renders such statements admissible in evidence. Scott v. State, 249 Ala. 304, 30 So. 2d 689; Clark v. State, 240 Ala. 65, 197 So. 23; Bachelor v. State, 216 Ala. 356, 113 So. 67; Jackson v. State, 213 Ala. 143, 104 So. 220; Jackson v. State, 167 Ala. 44, 52 So. 835; Raymond v. State, 154 Ala. 1, 45 So. 895; Davis v. State, 131 Ala. 10, 31 So. 569; Abercrombie v. Allen, 29 Ala. 281; Sparf v. United States, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343; 80 A.L.R. 1235 et seq.; 115 A.L.R. 1510 et seq.

■ The rule of law relative to implied admissions here relied on by the defendant is not applicable as the witness testified that the defendant in response to the accusation made an immediate oral reply denying commission of the crime referred to in the accusatory statement. Thus, it appears that the accusation was understood by the defendant and was such as naturally would call for a reply or a denial if not true, and as affirmatively appears from the record, the defendant did in fact deny the commission of the crime referred to in the accusation made by the witness. Scott v. State, supra. Further, the overruling of the objection to the question seeking to elicit the accusatory statement, if error, was harmless error as the answers given were denials by the defendant and therefore favorable to the accused. "But to have a reversal of judgment of conviction there must not only appear error, but such error as is prejudicial to the substantial rights of the party." Mikell v. State, 242 Ala. 298, 5 So.2d 825; Supreme Court Rules, Rule 45. No such error here appears. Further, as was set out in Kiel v. State, 236 Ala. 585, 184 So. 210, "Everything said and done by any of the parties relating to the crime and tending to elucidate the action of the parties, and springing out of the transaction while the parties were still laboring under the excitement and strain of the circumstances, and at a time so near it as to preclude the idea of deliberation and fabrication, is a part of the res gestae." Durden v. State, 18 Ala.App. 498, 93 So. 342; Lancaster v. State, 21 Ala.App. 140, 106 So. 609; Cline v. State, 25 Ala.App. 433, 148 So. 172; Largin v. State, 20 Ala. App. 610, 104 So. 556; Newsom v. State, 15 Ala.App. 43, 72 So. 579.

### III

The same argument and contention as above is made on behalf of the defendant in reference to the testimony elicited by the State's witness, Mr. Hollis Adams. Portions of the testimony of Mr. Hollis Adams on direct examination by the District Attorney follow:

\* \* \* \* \* \*

"Q. All right, did Hazel go in and look at Aunt Grace? Did she go in the house?

"A. Yes, Sir.

"Q. Did she come back out to where Albert was?

"A. Yes, Sir.

"Q. Did she walk up to him and say something?

"A. Yes, Sir.

"Q. What did she say?

"MR. POWELL: We object.

"THE COURT: I will overrule it, but I want to caution the Jury that what somebody else says is not to be held against a person and you must not hold this against the Defendant. It's only the reaction of the Defendant to be accused of something is evidence in the case, but in order to let you understand what that reaction is, we have to let you know what the statement was. Overrule it.

"A. First words Hazel said, 'Albert, you son of a bitch, you have raped Aunt Grace again,' and Albert mumbled he didn't do no such thing.

"Q. Said he didn't do no such thing?

"A. Yes, Sir, and he looked up and he said, 'Do you think I would do something like that,' and I said, 'No, I don't think anybody would.'"

■ The witness, Hollis Adams after testifying as to the accusatory statement made in the presence of the defendant over the objection of defense counsel, then stated that the defendant denied the accusation of the commission of the crime. In this instance, the defendant argues two aspects of error. Under the reasoning heretofore set forth pursuant to the accusatory statement elicited by the witness, Marveline Burnett, error was not committed by the Court as the implied admissions rule is not applicable and said testimony was part of the res gestae. Accordingly, the cases posited on this theory do not apply. Scott v. State, supra; Clark v. State, supra; Raymond v. State, supra.

■ The second aspect complained of as error is to the effect that the accusatory statement testified to by the witness, Marveline Burnett was allowed to be repeated, over objection, by the witness, Hollis Adams. Hollis Adams reiterated the testimony of Mrs. Burnett when he testified that the defendant's wife approached the defendant and made the following statement, "Albert, you son of a bitch, you have raped Aunt Grace again." The defense contends that said repetition was prejudicial to the point of being reversible error grounded on the theory that "it could not have been eradicated from the minds of the jurors." We hold otherwise and find the accusatory statement to be a part of the res gestae made in the presence and hearing of the accused. Likewise, this same conclusion would extend to the argument that it was error to reversal to admit the above referred to accusatory statement on *two* separate occasions. Scott v. State, supra; Mikell v. State, supra; Supreme Court Rules, Rule 45, supra; Kiel v. State, supra.

IV

■ Next, the defendant contends the court erred in allowing the witness, Marveline Burnett to testify over objection, accusing the defendant of *again* (emphasis added) committing the crime for which he is charged in the indictment as set out above. In criminal prosecutions, evidence of other separate and distinct criminal acts is not admissible since only facts to be laid before the jury should consist exclusively of the transaction which formed the subject of the indictment, which alone the defendant is called upon to answer. Patrick v. State, 39 Ala.App. 240, 97 So.2d 589; Ingram v. State, 39 Ala. 247; Gassenheimer v. State, 52 Ala. 313; Johnson v. State, 242 Ala. 278, 5 So.2d 632. This rule prevails unless it falls under one or more of the recognized exceptions. Hinton v. State, 280 Ala. 48, 189 So.2d 849.

■ In Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847, the Court held that the State is not permitted to give in evidence other crimes alleged to have been

committed by the defendant unless they are so connected by circumstances with the particular crime charged as that proof of one fact with its circumstances has some bearing on the issue on trial other than to show in the defendant a tendency or disposition to commit the crime with which he is charged. And as was stated in Ingram v. State, supra, "Among the exceptions to the so-called rule of exclusion, recognized in this state, is that where a question is raised as to the identity of the person committing the offense, evidence of other offenses is sometimes admitted for the purpose of establishing such identity." Here, the evidence was to the effect that the defendant had committed a previous offense of rape on the victim and therefore comes within the exclusion referred to in Hinton v. State, supra, as the crime did not refer to other crimes committed on or with other persons and the testimony presented by the State was so connected by circumstances with the particular crime in issue that the proof of one fact of a previous assault on the victim has some bearing and relevancy on the issues as to the instant charge against the defendant. From these factors it is evident that the testimony admitted was not offered for the sole purpose of showing the defendant's bad character or moral delinquency, but was relevant in that it tended to identify the defendant with a similar crime on the same victim and further came within the exception where the testimony is a part of the res gestae. Hinton v. State, supra; Kiel v. State, supra. We have examined the entire record and are satisfied that the admission of the evidence accusing the defendant of a previous act of rape on the victim in the instant case was within the exception to the general rule as hereinabove referred to and such admission was without injury to the defendant's substantial rights. Hinton v. State, supra; Supreme Court Rules, Rule 45, supra.

V

The defendant moved for a mistrial when the defendant's wife stated that she was not going to testify "either way." Upon objection, the court appropriately instructed the Jury that they could not consider this statement by the defendant's wife and thereupon asked the witness if she wanted to testify for the defendant (her husband). The court then asked her if she was going to testify either for the defendant or the State and to each of these questions she answered in the negative.

Under the statutory law of the State of Alabama, the wife of a defendant may voluntarily testify against her husband. T. 15, § 311, Code of Alabama; McCoy v. State, 221 Ala. 466, 129 So. 21. The defendant complains that although the wife was questioned by the court to ascertain whether or not she wished to testify as a witness for either the State or the defense, the elicited answers came from a witness not competent to testify in that the witness had not elected to testify prior to the given testimony.

■ It appears elementary that, under the circumstances, the court ascertain whether the wife, on her own volition, wished to testify for or against the defendant. Further, in this instance the defendant's wife, upon making her election not to testify, was not compelled to testify by the court. In that her only answers pertained to her desire not to do so, such inquiry was not reversible error by the court. De Bardeleben v. State, 16 Ala.App. 367, 77 So. 979, affirmed 201 Ala. 523, 78 So. 877.

VI

■■ Next, the defendant complains of the trial court's rulings sustaining the objections by the prosecution as to how long a witness was in the penitentiary, and as to whether or not two other witnesses had previously arrested Raymond Steele who testified for the State. The court further sustained the objections by the State pursuant to cross-examination inquiring of a State witness whether or not they knew about Raymond Steele being in the penitentiary. As to the length of time a witness has served a penitentiary sentence,

such evidence would be inadmissible where proof that the crime involves moral turpitude is not shown, and the court properly sustained the objection thereto. Smith v. State, 159 Ala. 68, 48 So. 668. As to the disallowance by the court of the introduction in evidence of a witness' prior arrest, without designating the particular offense, and for the purpose of impeachment, it appears that mere evidence of arrest would be inadmissible as such arrest could be related to crimes not involving moral turpitude, and hence improper to attack the credibility of such witness. Moreover, our statute (Code 1940, T. 7, § 434) refers only to *convictions.* Caldwell v. State, 282 Ala. 713, 213 So.2d 919; Dickerson v. State, 46 Ala.App. 183, 239 So.2d 325.

## VII

■ Next, the defendant complains the court erred in sustaining the objection by the State to the question as to whether or not a previous State's witness drank or not. It is not permissible to impeach a witness by testimony of others contradicting his testimony with respect to an immaterial fact. This rule applies whether the immaterial matter is asserted on the direct examination of the witness or is elicited from him on cross-examination. Blakey v. Blakey, 33 Ala. 611; Birmingham Elec. Co. v. Glenn, 224 Ala. 620, 141 So. 537; Bessemer Land and Imp. Co. v. Dubose, 125 Ala. 442, 28 So. 380. The Court stated in the *Blakey* case, supra, the following reasoning for the rule hereinabove enunciated:

"The principal reasons of the rule are, undoubtedly, that but for its enforcement the issues in a cause would be multiplied indefinitely, the real merits of the controversy would be lost sight of in the mass of testimony to immaterial points, the minds of jurors would thus be perplexed and confused, and their attention wearied and distracted, the costs of litigation would be enormously increased, and judicial investigation would become almost interminable. An additional reason is found in the fact, that the evidence not being to points material in the case, witnesses guilty of false swearing could not be punished for perjury * * *."

■ It appears to the Court that the fact that the witness, Raymond Steele drank intoxicating liquors was an immaterial fact and had no probative value as to the witness' credibility.

## VIII

The defendant further complains that the court erred in permitting the district attorney to cross-examine the accused with regard to an incident involving an alleged prior assault on another female. The court overruled an initial objection by the defendant and allowed the State to proceed with the question to which the defendant failed to interpose an objection. The pertinent parts of the cross-examination follow:

\* \* \* \* \* \*

"Q. Isn't it a fact that Raymond and his family when they lived over here in Danville, caught you out there—

"MR. POWELL: We object to any statement if he is coming in here with something illegal to this jury.

"MR. NELSON: I am going to ask him a question.

"Q. Isn't it a fact—

"THE COURT: Go ahead and ask the question.

"Q. Isn't it a fact that Raymond and his family out there in Danville, caught you out there with this backwards sister named Betty Sue Steele, and you had her up against the wall and you had her dress pulled off her and her pants down and they grabbed you?

"A. No, Sir.

"Q. That's not true?

"A. That's not true."

\* \* \* \* \* \*

Further, there was a subsequent question on cross-examination by the prosecutor referring to the same incident, without objection by the defendant, as follows:

\* \* \* \* \* \*

"Q. You still deny that you attacked Betty Sue Steele out there behind Raymond's out in Danville?

"A. I sure do."

\* \* \* \* \* \*

■ The applicable law governing the admissibility of evidence of other similar acts and crimes as the one upon which the prosecution is based, has bearing upon the motive, intent, scienter, identity, etc. and can be found in the following cases: Wilkins v. State, 29 Ala.App. 349, 197 So. 75, cert. den. 240 Ala. 52, 197 So. 81; Daniels v. State, 243 Ala. 675, 11 So.2d 756; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Jackson v. State, 229 Ala. 48, 155 So. 581. Further, in Lee v. State, 246 Ala. 69, 18 So.2d 706, the opinion of the Supreme Court cited the case of Mattison v. State, 55 Ala. 224, 232, where Justice Stone, speaking for the Court, said: "In inquiries of fact, dependent on circumstantial evidence for their solution, no certain rule can be laid down, which will define, with unerring accuracy, what collateral facts and circumstances are sufficiently proximate to justify their admission in evidence. Human transactions are too varied to admit of such clear declaration of the rule. Whatever tends to shed light on the main inquiry, and does not withdraw attention from such main inquiry, by obtruding upon the minds of the jury matters which are foreign, or of questionable pertinency, is, as a general rule, admissible evidence. On the other hand, undue multiplication of the issues is to be steadily guarded against, as tending to divert the minds of jurors from the main issue. See Campbell v. State, 23 Ala. 44."

In the *Lee* case, supra, the court, over objections of the appellant, permitted the two sisters of the alleged victim of abuse, also a daughter of the defendant to testify that on numerous occasions, prior to the time of the alleged abuse of the daughter claiming abuse in the instant case, the defendant proposed to them that they have sexual intercourse with him, and that he put his hands on their breast and genital organs. A third daughter's testimony was to the same general effect concerning her relations with her father, and further, that on many occasions he forced her to have actual sexual intercourse with him (defendant). In conclusion, the Court opined that the State properly presented evidence relative to the above matters but reversed the trial court for the allowance into evidence testimony of one of the daughter's that she became pregnant and subsequently was forced to undergo an abortion by the defendant. The Court stated that the fact that the daughter became pregnant through the agency of the defendant-father, does tend to shed light on the main inquiry, but unlike the fact of sexual intercourse with her father, it also tends to unduly multiply the issues and to divert the minds of the jury from the main issue. The Court further said, "The fact that Ruby's (the daughter) father procured her abortion is lacking in requisite relevancy to render it admissible."

■ After due consideration and study we are constrained to hold that the State in making reference to a previous incident unrelated to the charge against this defendant, did not unduly multiply the issues nor divert the minds of the jury from the main issue in the case. We further hold that it was not so prejudicial that it affected the substantial rights of the defendant by virtue of being brought to the attention of the jury by the State during cross-examination of the defendant. Moreover, the answers were negative.

■ We further note from the record that on the occasion of the question embodying the alleged inadmissible and prejudicial matter, the defense counsel failed to interpose a proper objection and in line with the following authorities, failure to

do so restricts this Court from reviewing the alleged error in the cross-examining of the defendant as to a prior act unrelated to the offense charged in the indictment. Robinson v. City of Sylacauga, 37 Ala.App. 565, 72 So.2d 125; Warren v. State, 34 Ala.App. 447, 41 So.2d 201. And as was said in the recent case of Nichols v. State, 267 Ala. 217, 100 So.2d 750, "Objections to evidence in a criminal prosecution cannot be raised for the first time on appeal, and where no objection is raised in the lower court, there is nothing to review here." Pugh v. State, 247 Ala. 535, 25 So.2d 417.

Further we note that the defendant in nowise protected the record.

## IX

Although not argued in brief, we have examined the record and find that the defendant objected to the court "refusing to charge on attempt" in its oral charge. An attempt has generally been defined as an intent to do a thing coupled with an overt act in that direction—an endeavor to do it—which falls short of the accomplishment of the thing intended. Burton v. State, 8 Ala.App. 295, 62 So. 394. Where a crime is actually consummated, there can be no prosecution for attempt. Broadhead v. State, 24 Ala.App. 576, 139 So. 115. We further conclude that under the authority of Broadhead v. State, supra, that had the trial court instructed the jury as to an attempt and the elements thereof, that it would have been reversible error as the court in the cited case held "If the evidence discloses, without conflict, a consummated crime, the verdict must be one of conviction or acquittal. If, on the other hand, the evidence falls short of a consummated crime, but does establish an attempt, a conviction could be had for that crime. The two crimes are separate and distinct, and there is no room for a compromise verdict or the exercise of a discretion by the jury not based upon the facts." In reading the record, we find that the evidence was clear and unconflict-

ing to the extent that the victim of the assault had been in fact raped and the crime consummated. The record is silent as to any submission to the court of a written charge on "attempt."

Charges moved for by either party must be in writing. Graham v. State, 40 Ala.App. 471, 115 So.2d 289; Bertrand v. State, 46 Ala.App. 631, 247 So.2d 386 (1971). A trial court cannot be reversed for refusal to give a charge asked unless it appears that the charge was asked in writing as this section requires. Bentley v. Lawson, 280 Ala. 220, 191 So.2d 372 (1966).

This Court is precluded from reviewing a motion for a charge which is presented only orally to the Judge. Harris v. State, 44 Ala.App. 449, 212 So.2d 695 (1968).

We therefore hold that the trial judge, for the reasons cited, was not in error in refusing to charge the jury as to the elements of an attempt to commit the crime charged in the indictment as requested by the defendant.

We have studied the record and after having considered all questions posed therein, we find no reversible error.

The foregoing opinion was prepared by Hon. ELWOOD L. HOGAN, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.

The judgment below is hereby

Affirmed.

All the Judges concur.

CATES, Presiding Judge (concurring).

As to the conflictual state of Alabama law arising out of Lee v. State, 246 Ala. 69, 18 So.2d 706; Brasher v. State, 249 Ala. 96, 30 So.2d 31 and Durham v. State, 47 Ala.App. 89, 250 So.2d 693, I consider

that *Brasher,* supra, is the paramount authority on the narrow point therein decided, i. e., evidence of another sex crime is not relevant unless it is committed with or upon the same person involved in the indictment sub judice. See dissenting opinion of Heflin, C. J., in Durham v. State, 287 Ala. 731, 250 So.2d 696.

Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847 is the leading case. Departures from it should be carefully weighed. In sex cases, particularly, relevancy can become a quagmire. Noble v. State, 253 Ala. 519, 45 So.2d 857, 859.

As I read the record the trial judge was not called on to rule because no objection was made to the offending questions. Had we been under the Automatic Appeal Act a different question would have been presented. See Echols v. State, 47 Ala. App. 23, 249 So.2d 639.

Hence, I feel we should confine ourselves to only the issues raised below.