Willie Potts, a man approximately 52 years of age, was convicted of committing sodomy on a boy who was nine years old at the time of the first commission of the crime and 11 years old at the time of the last commission of the crime. The accused was once a neighbor and family friend of the victim, whose family included two "special children." The crime, which consisted of penile contact by the accused with the *Page 1319 
anus of the victim, occurred from 10 to 15 times over the two-year period. On some occasions, other children were present during the act. Some time later, the victim admitted to his mother and stepfather what had happened. The victim testified that he did not know that what they were doing was wrong and that force was not used. The crimes occurred at residences of the appellant in Prichard and in Saraland, Alabama. The victim, age 13 at the time of the trial, made out the state's case against the appellant by testimony as to what the appellant had done to him.
The state undertook to elicit from this witness testimony of a statement by the appellant regarding an alleged sodomy occurring many years before. The statement was that appellant Potts had performed similar deviate sexual intercourse with a man who was now about 30 years old, married, and the father of three or four children. The man was approximately the age of this victim when the past crime occurred. In fact, a girl who observed the sodomy is a child of the victim of the past crime. The past crime, therefore, occurred approximately 20 or more years before this incident. The court believed the victim would quote the accused as saying that the victim of the past crime turned out all right as a man despite the past crime. All of the testimony regarding the past crime was strenuously objected to. The court overruled, saying to the prosecutor, "Well, Mr. Jordan, I let that in because of representations you made to me." The witness denied the latter portion of the alleged statement several times, but finally testified to it under heavy pressure:
 "THE COURT: Son, the District Attorney says that you told him something about what this man had said about this [prior victim].
"A: Yes, sir.
 "THE COURT: Do you remember talking to the District Attorney?
"A: Yes, sir.
"THE COURT: Did you tell him anything about that?
"A: Yes, sir.
"THE COURT: What did you tell him?
 "A: Told him that Mr. Potts told me that he had fooled with him when he was younger.
 "THE COURT: Anything about how it would turn out as far as you were concerned?
"A: No, sir.
 "THE COURT: Do you have notes about your statements, Mr. Jordan? Ask him about the statements."
". . .
 "THE COURT: Mr. Jordan, let's just get to the heart of it. You say that he told you something in your office. Now you ask him, you read him the statement as you remember it and ask him if he made it to you.
 "Q: Did you make this statement to me in my office, that he had fooled with [the earlier victim] when he was young and that [that person] had turned out normal and it hadn't hurt him, hadn't hurt [that prior victim]?
"A: Yes, sir.
 "THE COURT: You remember telling the District attorney that?
"A: Yes, sir.
"THE COURT: Well, did the defendant tell you that?
"A: Yes, sir."
The court remarked to counsel in a sidebar conference:
 "Well I want you to ask him about it because now we have error in the record unless you develop it."
As a general rule, evidence of prior bad acts is inadmissible. C. Gamble, McElroy's Alabama Evidence § 69.01(1) (3d ed. 1977), states:
 "On the trial of a person for the alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative function of such evidence is to show his bad character, inclination or propensity to commit the type of crime for which he is being tried. This is a general exclusionary rule which prevents the introduction of prior criminal acts for *Page 1320 
the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. This rule is generally applicable whether the other crime was committed before or after the one for which the defendant is presently being tried.
 "This exclusionary rule is simply an application of the character rule which forbids the state to prove the accused's bad character by particular deeds. The basis for the rule lies in the belief that the prejudicial effect of prior crimes will far outweigh any probative value that might be gained from them. Most agree that such evidence of prior crimes has almost an irreversible impact upon the minds of the jurors."
The state responds to this contention of appellant simply by asserting "this evidence is clearly relevant and points to appellant's guilt in the instant case." Nowhere does the state discuss what element of this offense is proved by the proof of the past crime.
Section 13A-6-63, Code of Alabama 1975, states:
 "(a) A person commits the crime of sodomy in the first degree if:
 "(1) He engages in deviate sexual intercourse with another person by forcible compulsion; or
 "(2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
 "(3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.
 "(b) Sodomy in the first degree is a Class A felony."
It is clear from the statute that seduction plays no role in a charge of first degree sodomy based upon the age of the participants. Either the appellant engaged in deviate sexual intercourse with a person less than 12 years old, or he did not. The statement of appellant therefore does not relate to an element of this crime. Both counts of the indictment charge sodomy in the first degree by virtue of the victim being less than 12 years of age and the perpetrator being more than 16 years of age. Consent is not an issue.
Our Supreme Court has held in the past that in the prosecution of a father for carnal abuse of a daughter, the testimony of four other daughters as to the father's lewd and sexual conduct toward them was competent and admissible.Lee v. State, 246 Ala. 69, 72, 18 So.2d 706 (1944). Courts have been somewhat more willing to receive evidence of prior bad acts in cases of sex crimes. In an annotation at 88 A.L.R.3d 8 (1978), the editors collected and reviewed cases involving the question of "the admissibility, in prosecutions for sex offenses, of evidence of similar offenses perpetrated by the accused, insofar as the issue of remoteness in time was raised or discussed."
The cases are divided as to how remote a prior bad act must be, before proof of it is inadmissible. As to similar offenses occurring more than twenty years in the past, the only case cited, People v. Kelley, 66 Cal.2d 232, 57 Cal.Rptr. 363,424 P.2d 947 (1967), was reversed for this very reason. The court observed that the sexual experience of the accused with a man 24 years earlier was too remote in time to have any reasonable bearing upon the act charged. That court ruled similarly inPeople v. Thomas, 20 Cal.3d 457, 143 Cal.Rptr. 215,573 P.2d 433 (1978), that past bad acts occurring from 10 to 18 years before the offense charged were too remote to be allowed into evidence. To a similar effect is Commonwealth v. Klier, 79 Pa. D. C. 155 (1951) (11 years). In Freeman v. State, 486 P.2d 967
(Alaska 1971), the court held that evidence of an accused's conviction nearly 20 years before the offense charged was not admissible in a prosecution for statutory rape. On the other hand, Staggers v. State, 120 Ga. App. 875, 172 S.E.2d 462
(1969), evidence of prior bad acts 14 years prior to trial was held not too remote, where those acts were directed at *Page 1321 
an older sister of the victim in the case at bar.
In Cofer v. State, 440 So.2d 1116 (Ala.Cr.App. 1983), this court affirmed a conviction in which proof was received into evidence of a sexual offense committed approximately 10 years before the immediate offense. Evidence of this offense was considered relevant and material in proving the intent with which the accused acted. The Supreme Court of Alabama reversed this conviction in Ex parte Cofer, 440 So.2d 1121 (Ala. 1983), upon this ground. There, the Alabama Supreme Court stated:
 "The rule protects the defendant's right to a fair trial. It seeks 'to prevent conviction based on a jury belief that the accused is a person of bad character. The jury's determination of guilt or innocence should be based on evidence relevant to the crime charged.' Goodman v. State, 401 So.2d 208, 212 (Ala.Cr.App. 1981), cert. denied, 401 So.2d 213 (Ala. 1981), citing United States v. Turquitt, 557 F.2d 464, 468 (5th Cir. 1977).
 "There are some well-know exceptions to the rule, and under certain circumstances, evidence of prior misconduct may be admitted. See generally, Johnson v. State, 335 So.2d 663, 673
(Ala.Cr.App. 1976); McElroy's Alabama Evidence § 69.01.
 ". . . We hold that a single rape which occurred ten years prior to the present offense, as reprehensible as it is, is not evidence of a pattern or preexisting design into which the present charge of sexual abuse fits. See Brasher v. State, 249 Ala. 96, 98-100, 30 So.2d 31, 32-34
(1947).
 "The evidence of the prior alleged rape does not fall within any of the other exceptions either. There were no questions about identity, motive, physical capacity, or knowledge." 440 So.2d at 1123-24. (emphasis supplied).
In reply to the ruling of this court that the evidence was admissible under the intent exception, the Supreme Court admonished:
 "Under §§ 13A-6-60 and 13A-6-66, Code 1975, first degree sexual abuse requires proof that the defendant acted with the intent to gratify the sexual desires of himself or the prosecutrix. Parker v. State, 406 So.2d 1036 (Ala.Cr.App. 1981), cert. denied, 406 So.2d 1041 (Ala. 1981). This intent may be inferred by the jury from the act itself. Parker v. State, 406 So.2d 1039. . . . . There is, therefore, no real and open issue about his intent, and the evidence of the prior rape was erroneously allowed to prove Cofer's intent."
 "The State has no absolute right to use evidence of prior acts to prove the elements of an offense or to buttress inferences created by other evidence. Evidence of prior bad acts of a criminal defendant is presumptively prejudicial to the defendant. It interjects a collateral issue into the case which may divert the minds of the jury from the main issue. Kilpatrick v. State, 51 Ala. App. 352, 285 So.2d 516 (1973), cert. denied, 291 Ala. 628, 285 So.2d 525 (1973). Therefore, the admission of such evidence constitutes reversible error. Hinton v. State, 280 Ala. 48, 189 So.2d 849
(1966).
 "Additionally, the prior rape was alleged to have occurred ten years before the present offense. Even if intent were in issue, this prior rape is too remote to be probative of the issue. Deason v. State, 363 So.2d 1001, 1005 (Ala. 1978). In Deason, we were concerned with the proximity of an act subsequent to the one charged, but our admonition there that the acts be not too remote in time is applicable here." 440 So.2d at 1124.
With the law in this posture, this court is left with little discretion. Section 12-3-16, Code of Alabama 1975, provides:
 "The decisions of the supreme court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the supreme court as provided by constitutional amendment No. 328."
Without this precedent, however, constitutional principles of due process and fair *Page 1322 
trial might prohibit proof of remote "prior bad acts." Upon the authority of Cofer, supra, we hold that proof of the past crime, which occurred 20 or more years before this offense, cannot be said to be part of a common scheme or design. Proof of it had a prejudicial effect on the jury that far outweighed any probative value that it might have had.
We agree with the trial judge that "we have error in the record." This case is reversed and remanded for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
All the Judges concur.