The grand jury of Montgomery County returned an indictment for robbery against the appellant, Alonzo Williams, and upon arraignment he entered a plea of not guilty, was found guilty as charged and duly sentenced to ten years imprisonment, and appellant gave notice of appeal to this court.
The appellant was represented by counsel of his choice at all proceedings in the trial court and is represented in this court by the same counsel under appointment by the trial court. This appeal was submitted to this court on briefs.
The appellant, in his brief, contends that the trial court erred to his prejudice on three grounds: First, by allowing into evidence a statement made by Charley Anderson to Charley Flowers which was hearsay and was not admissible under any exception to the hearsay rule; second, by allowing a pistol, found on defendant, into evidence; third, by allowing hearsay evidence in as to identification of the accused.
For the first error complained of by appellant we quote from the record the direct examination of State's witness, Charley Flowers:
"Q. Tell us what you saw?
 "A. Okay. I went in the house because I was going out front to get a drink, and I saw one boy down on Charley, had him down rolling him. And, so I saw somebody else run out the house and Charley said, Buster Crabbe done robbed me.
"MR. WALDEN: Objection.
 "THE COURT: Don't say what somebody else told you, Mr. Flowers.
 "MR. POOL: Your Honor, at this time, I would submit that the statement made by Mr. Anderson in this excited utterance would be admissible as part of the res gestae.
"THE COURT: All right. Go ahead.
 "Q. (Mr. Pool continues) What did he say to you as the man ran out the door?
 "MR. WALDEN: Judge, we would like to have an exception.
"THE COURT: All right.
 "A. Said, Buster Crabbe and them done robbed me. So I ran to the door and I looked and I didn't see nobody but Buster.
"Q. And you know him when you see him?
"A. Yes, sir.
"Q. And you saw him run away?
"A. Yes, sir. Went down the street.
"Q. Down Robinson Street?
"A. Yes, sir."
Charley Anderson, the injured party, had testified in substance, that the appellant was known to him as Buster Crabbe; that he knew Buster Crabbe's voice; that appellant and a companion robbed him of $580.00; that he had known the appellant well for about five years; that appellant had on a ski mask and had two pistols, one in each hand, and appellant's companion had one pistol; that appellant and his companion, with one pistol in his hand, made Anderson lie down on the floor; while Anderson was on the floor appellant's companion took Anderson's pocketbook, and the appellant told his companion to look in the left pocket, that was where Anderson carried his one-dollar bills; then appellant told his companion to get the change from Anderson's front pocket, at which time Charley Flowers and Willie Williams came up the back steps, and the appellant and his companion broke and ran out the door, and one went one way and the other went the other way; that Charley Anderson got up from the floor, and they went to the front door and saw appellant running until he turned the corner and went down the hill.
Willie Williams, a witness called by the State, testified in substance, the following: That he knew Charley Anderson; that on October 30, 1978 he and Charley Flowers were downstairs at Charley Anderson's house working on a car; that about 10:00 o'clock he went upstairs at Anderson's house and when he opened the back door and looked around, he saw Charley Anderson lying on the floor with his hands out in front of him, and a "kind of a tall dude was down over him" going through his pockets; that when the "dude" saw Willie Williams *Page 153 
and Charley Flowers come in at the door, the "dude" ran; that they rushed to the front door on the sidewalk, and Willie Williams saw Buster Crabbe running down the street away from Charley Anderson's house.
We hold that, under the facts shown by this record, the trial judge could reasonably conclude that the statement made by Mr. Anderson to Charley Flowers was, in fact, a part of res gestae. For a statement made by parties at the scene of a crime to be admissible as a part of the res gestae exception to the hearsay rule, it must be incident to what was done, and shed light on the main fact, and be instinctive and spontaneous, and not deliberative or retrospective. Harrison v. Baker, 260 Ala. 488,71 So.2d 284; Williams v. State, 291 Ala. 213, 279 So.2d 478;Davis v. State, 51 Ala. App. 200, 283 So.2d 650; Bass v. State, Ala.Cr.App., 375 So.2d 540.
Next, the appellant complains that the trial court committed reversible error by allowing State's Exhibit No. 2, a pistol found on the appellant, into evidence.
We quote from the record:
 "MR. POOL: No redirect. Judge, I will ask that State's Exhibits 1, 2, and 3 be admitted in evidence, at this time.
 "MR. WALDEN: Now, Your Honor, we are going to object to any bullets being admitted.
 "THE COURT: All right. The bullets are out but I will let 1 and 2 in.
"MR. POOL: Judge, at this time the State rests."
State's Exhibit 1, was a photograph of a lineup. Exhibit 2, was a .38 caliber revolver, and Exhibit 3, was five, live rounds of .38 ammunition. There being no objection to State's Exhibit 2 being introduced into evidence, there is nothing for this court to review. Pugh v. State, 247 Ala. 535,25 So.2d 417. McLoyd v. State, Ala.Cr.App., 373 So.2d 1175; cert. den. Ala., 373 So.2d 1185.
The appellant further complains that the trial court erred to his prejudice by allowing hearsay evidence in as to identification of the accused. The court, out of the presence of the jury, ruled that he would allow the following quoted evidence to be given by Detective Mobley, and the appellant would have an exception to his ruling. We quote from the record on the redirect examination of Detective Mobley in rebuttal.
"REDIRECT EXAMINATION (RESUMED):
"BY MR. POOL:
 "Q. Detective Mobley, one question and one question only. Twenty five minutes after the alleged robbery took place, did you have conversation with the victim, Charley Anderson?
"A. Yes, sir, I did.
 "Q. Did he tell you the name of the man that had robbed him?
A. Yes, sir, he did.
"Q. Who did he say?
"A. He said Buster Crabbe.
"MR. POOL: That is all."
It is noted by the court that the witness, Charley Anderson, was present and available for cross-examination by the appellant, was cross-examined by the appellant, both in the presence and absence of the jury, and further cross-examined again, was further examined on direct examination, and cross-examined again by the appellant, was again examined on redirect examination, and again cross-examined by the appellant, was again re-examined, and re-cross-examined again by the appellant, was recalled in rebuttal, and again cross-examined, and was available to the appellant for further cross-examination.
It further appears that, in the oral charge to the jury, the court stated:
 "You have heard testimony in this case of identification of the defendant which was made outside the presence of the defendant, and I will say to you this, that the statement, and that is the identification made out of his presence, may not be considered as evidence of the truth of the matter, but it is only for the limited purpose of showing that there was an identification."
It appears to us that the hearsay rule does not include statements of a witness *Page 154 
who is present at the trial, and is subject to extensive cross-examination by the party against whom the statements are offered, when offered only for identification purposes.
We hold that the court did not err in allowing Detective Mobley to testify as to the statement made by Charley Anderson.Gray v. State, Ala.Cr.App., 364 So.2d 694; McElroy on Evidence, 3rd Ed., § 273.01; McElroy on Evidence, 3rd Ed., § 242.01 (1);Cory v. State, Ala.Cr.App., 372 So.2d 394.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.