189 So.2d 849

**James Earl.HINTON**

v.

**STATE of Alabama.**

**2 Div. 459.**

Supreme Court of Alabama.

Sept. 1, 1966.

J. H. Curry, Carrollton, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appellant, James Earl Hinton, was indicted in Pickens County for the offense of murder in the first degree, found guilty and sentenced to death. His appeal here is under the provisions of the automatic appeal statute. Act No. 249, appvd. June 24, 1943, Gen.Acts 1943, p. 217; 1955 Cum. Pocket Part, Code 1940, Tit. 15, § 382(1) et seq.; Recompiled Code 1958 (unofficial), Tit. 15, § 382(1) et seq.

The indictment charges that appellant "unlawfully and with malice aforethought, killed Zack Rufus Collins, by stabbing or cutting him with a knife."

Appellant was represented at his arraignment by two members of the Pickens County Bar, appointed by the court. At that time he entered pleas of "not guilty" and "not guilty by reason of insanity." The same attorneys represented him throughout his trial and also were appointed to represent him on this appeal.

The defendant argues it was prejudicial error to permit the State to introduce evidence tending to prove he committed the crimes of burglary and stealing money, these being separate and distinct criminal acts for which he was not being tried. The point is well-taken.

This issue had its beginning in the prosecuting attorney's opening statement to the jury, viz: "And after that he went down and broke into the house of Mr. Felix Lawrence and stole some money." The defendant's objection to this, on the ground that he "is not accused in this indictment of burglary, that was after the alleged crime was committed, and not part of this," was overruled. Also overruled were defendant's objections to evidence tending to show he burglarized the Lawrence house and took away two jars containing money.

There were no eye witnesses to the alleged homicide. The evidence linking the defendant with it, except for his confession, is circumstantial.

The deceased was a cab driver in Aliceville, Pickens County. On Sunday afternoon, February 9th, between about 5:00 and 5:20, the defendant was seen in Aliceville with deceased while a passenger in deceased's cab. There is no evidence of deceased being seen alive after that time. His body was found early the next morning, about a mile or a mile and a quarter southeast of Pickensville beside a dirt road just off of Highway 14, which runs between Aliceville and Pickensville, a distance of about 10 miles. There is evidence that defendant was in Pickensville on the night of February 9th around 7:00 o'clock. One of the witnesses testified that he saw the defendant in Pickensville at that time when defendant asked the witness to keep a package for him for a little while. The package consisted of a sack containing two jars with money in them. If this had been the extent of the evidence concerning the package left with this witness, such evidence would not have been objectionable, since it placed the defendant in Pickensville near where deceased's body was found. However, the fact that the jars were taken during a burglary of Mr. Lawrence's home did not tend to identify the defendant as a party to the homicide. Mr. Lawrence testified that the "two jars of money" were in his house on "Saturday

night," the night before the alleged homicide; that he went to church the next night (the night of the alleged homicide) at 6:00 o'clock; and that when he came back from church the jars of money were gone. As already noted, the defendant was seen in possession of the jars in Pickensville at about 7:00 o'clock Sunday night. While it is obvious that the purpose of eliciting the evidence relating to the jars of money was to place defendant near the scene of the alleged homicide about the time it was committed, thereby tending, when considered with the other evidence, to identify him with the homicide, it is equally obvious that, under the evidence, the jars of money could have been taken from the Lawrence house at any time between Saturday night and about 7:00 o'clock Sunday night. The fact that the jars were in defendant's possession on Sunday night had a tendency, under the evidence, to connect him with their theft. But, under the evidence, as noted, the theft could have occurred either before or after the alleged homicide, at some time between the night before and about 7:00 o'clock the night of the alleged homicide, when defendant was seen in Pickensville with the jars

■ We think the evidence placing defendant in Pickensville at about 7:00 o'clock on the night of the alleged homicide was properly admitted under the identity exception to the general rule excluding evidence of other crimes committed by the defendant; but we hold it was not proper, under the identity exception, to admit the evidence tending to prove that defendant burglarized the Lawrence house and stole the jars of money, and that the admission of such evidence was prejudicial error. No insistence was made by the State during the trial, nor is it insisted on this appeal, that such evidence was admissible under any of the other exceptions to the general rule of exclusion; and we perceive no basis for holding it was properly admitted under any of them.

■ The general rule is: In criminal prosecutions, evidence of other separate and distinct criminal acts is not admissible since the only facts to be laid before the jury should consist exclusively of the transaction which forms the subject of the indictment, which alone the defendant is called upon to answer. See: Garner v. State, 269 Ala. 531, 533, 114 So.2d 385, 386; Brasher v. State, 249 Ala. 96, 98, 30 So.2d 31. From *Garner* is the following discussion of the general rule of exclusion and the exceptions thereto:

"This rule, however, is subject to some well recognized exceptions. Evidence of other distinct criminal acts is admissible when relevant to the crime charged, as bearing on scienter, intent, motive, res gestae, or to establish the identity of the accused (and perhaps as bearing on the issue of insanity when that defense is pleaded in the case.—See 'The Law of Evidence in Alabama' by Honorable J. Russell McElroy, § 61, pp. 19–20; 1 Wharton's 'Criminal Evidence', 10th Ed., p. 156, § 41.) The authorities also recognize such an exception to show system or plan usually to identity the accused or to show intent. Wharton's, supra, p. 146, § 39. But even under the exceptions noted they or one of them is admissible only when the evidence is relevant to the crime charged. Noble v. State, 253 Ala. 519, 45 So.2d 857.

"Stated another way, the State is not permitted to give in evidence other crimes alleged to have been committed by the defendant unless they are so connected by circumstances with the particular crime charged as that proof of one fact with its circumstances has some bearing on the issue on trial other than to show in the defendant a tendency or disposition to commit the crime with which he is charged. Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847; Wigmore on Evidence, 3rd Ed., Vol. 2, § 304.

"This court as early as 1864, in Ingram v. State, 39 Ala. 247, reversed the trial court for its instruction to the jury to limit its consideration of prior acts of distilling 'in aggravation of the fine but for no other purpose'. The Ingram case mentions as inadmissible evidence of other distinct crimes when not related to the crime charged except where such evidence is 'offered to prove scienter, or intent, or motive, or to make out the res gesta, or to establish identity'. 39 Ala. 253. That case did not mention all of such exceptions, but we have noticed them above.

"Several of our recent cases have discussed the same principle to the same result. For instance, in Brasher v. State, 249 Ala. 96, 30 So.2d 31, where the defendant was charged with having carnal knowledge of a girl over twelve, but under sixteen years of age, denounced by § 399, Tit. 14, Code 1940, evidence was held inadmissible as to the defendant's prior carnal acts toward a five-year old girl. * * *

\* \* \* \* \* \*

"In Mason v. State, supra [259 Ala. 438, 66 So.2d 561], the defendant was on trial for the offense of robbery. The State was permitted to prove that about the same time the defendant had committed several other robberies on other people and establishments. The court in that case entered into a lengthy discussion of the various exceptions to the general rule and the relevancy of evidence sought to be brought under them. We see no good purpose in an elaborate discussion of these exceptions now. (They are noted in the cases we cite.) In concluding that the evidence was inadmissible the court stated:

"'As we see it the testimony in the present case shows four distinct and separate crimes which had no connection with each other except in point of time and except that according to the evidence the defendant committed each robbery. We believe from a full and complete consideration of the matter that the allowance in evidence of proof of the other crimes, to which we have referred, was highly prejudicial and harmful to the appellant.'"

As we see it, the criminal acts in the case before us—homicide on the one hand, and burglary and stealing on the other—are entirely separate and distinct. "They are in no sense intermixed or blended, one with the other, or connected so as to form parts of the same criminal transaction." See: Brasher v. State, 249 Ala. 96, 98, 100, 30 So.2d 31, supra, from which is the following:

"\* \* \* This question of the admissibility of evidence touching other crimes perpetrated by a defendant on trial for a specified offense has been the theme of much discussion by courts and text writers. Some of them approach the solution of the problem with the idea that except when it shows merely criminal disposition, evidence that is relevant is not excluded because it reveals the commission of an offense other than that charged. \* \* \*

"But this court over a long period of years has approached the solution of the question on the theory that there is a rule against the admissibility of evidence concerning prior offenses, but that to such rule there are well-recognized exceptions. Ingram v. State, 39 Ala. 247, 84 Am.Dec. 782; Gassenheimer v. State, 52 Ala. 313; Johnson v. State, 242 Ala. 278, 5 So.2d 632. The reason for such so-called rule of exclusion lies no doubt in the fact that proof of another and distinct offense has ordinarily no tendency to establish the offense charged.

"Among the exceptions to the so-called rule of exclusion, recognized in this state, is that where a question is raised as to the identity of the person committing the offense, evidence of other offenses is sometimes admitted for the purpose of establishing such identity. Ingram v.

State, supra; Gassenheimer v. State, supra; Johnson v. State, supra.

\*   \*   \*   \*   \*   \*

"In view of the distinction above set out and the general rule prevailing in most of the states, we are not willing to extend the rule in the Wilkins case [Wilkins v. State, 29 Ala.App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81] so as to permit the State to introduce evidence of other offenses committed by the accused with third persons for the purpose of identification when such evidence merely tends to show disposition, inclination, propensity or depravity.

"Such testimony in its final analysis shows nothing more than that the defendant's character is bad or that he is morally deficient. The prosecution cannot attack the character of the defendant, unless he first puts that in issue by offering evidence of his good character. It cannot show the defendant's bad character by showing particular acts. It follows, therefore, that for the purpose of identification, the prosecution should not be permitted to give in evidence other crimes of the defendant, committed on or with other persons, unless they are so connected by circumstances with the particular crime in issue as that the proof of one fact with its circumstances has some bearing upon the issue on trial other than to show the defendant's bad character or moral delinquency. State v. Flath, 61 N.D. 342, 237 N.W. 792."

In Mason v. State, 259 Ala. 438, 66 So.2d 557, 561, the defendant was being tried for robbery. The State proved that the defendant, at about the same time of the robbery for which he was being tried, had committed several other robberies on other people and establishments. That case contains a rather full discussion of the several exceptions to the general rule of exclusion and the relevancy of evidence sought to be proved under them. In concluding that the evidence of the other robberies was inadmissible, the court said:

"As we see it the testimony in the present case shows four distinct and separate crimes which had no connection with each other except in point of time and except that according to the evidence the defendant committed each robbery. We believe from a full and complete consideration of the matter that the allowance in evidence of proof of the other crimes, to which we have referred, was highly prejudicial and harmful to the appellant."

■ It has been held that "[t]he tendency of such evidence [of another and distinct crime] to work great injury to the accused renders its admission reversible error, unless it is brought within one of the exceptions recognized by law." See: Vincent v. State, 231 Ala. 657, 165 So. 844, certiorari denied 298 U.S. 682, 56 S.Ct. 960, 80 L.Ed. 1402.

■ We see no basis for holding that the evidence tending to prove that defendant committed the crimes of burglary and stealing, objected to by the defendant throughout the trial, was within any of the exceptions to the general rule. Nor do we see any basis for applying Supreme Court Rule 45 (Revised Rules of Practice in the Supreme Court, 261 Ala. XIX, XXXVII; Code 1940, Tit. 7, Appendix, 1955 Cum. Pocket Part, p. 240; Recompiled Code 1958 (unofficial), Tit. 7, Appendix, p. 1182), providing, in pertinent parts, as follows:

"Hereafter no judgment may be reversed or set aside, \* \* \* in any \* \* criminal case on the ground of \* \* \* improper admission \* \* \* of evidence \* \* \* unless in the opinion of the court to which the appeal is taken, \* \* \*, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."

■ We have examined the entire record and are not satisfied that admission of the evidence tending to prove appellant guilty of the crimes of burglary and stealing was without injury to his substantial rights.

Aside from any other consideration, it is to be noted it was within the sole discretion of the jury, upon finding appellant guilty of murder in the first degree, to prescribe as punishment either the death penalty or imprisonment in the penitentiary for life. Code 1940, Tit. 14, § 318. And since we cannot possibly probe into the mental processes of the jurors to ascertain whether and to what extent the incompetent testimony actually influenced them in exercising their discretion in fixing the punishment, we are unable to say it did not have some influence on them, thus affecting the substantial rights of appellant. See: Boggs v. State, 268 Ala. 358, 106 So.2d 263.

The judgment must be reversed and the cause remanded to the circuit court for a new trial.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.