Steven Ray Sparks was arrested in the City of Weaver, and the City charged him with driving under the influence and running a stop sign. The district court found him guilty on both charges, and he appealed to the circuit court for a trial de novo. See
Ala. Code 1975, §§ 12-12-70(b) and 12-12-71.
At trial in the circuit court, the police officer who arrested Sparks testified that he detected the odor of alcohol on Sparks and that he administered field sobriety tests. To determine if he was intoxicated. The officer further testified that Sparks had failed the field sobriety tests and that Sparks refused to submit to an alcohol breath test.
Sparks testified in his own defense and admitted that he had run a stop sign. However, he denied that he was driving under the influence, stating that he weighed 225 pounds and that he had drunk only three six-once draft beers during the two hours before his arrest. He attributed his failing the field tests to physical problems with his knees and to being unable to see, because he said, he was forced to look into bright lights on the arresting officer's patrol car while he was performing the tests. Sparks also stated that, even though he may have smelled of alcohol, he speaks with a lisp and was sun burned at the time of his arrest, and that both of these factors may have contributed to his appearing to be intoxicated. Sparks further testified that, although he had refused to submit a breath test because he thought that the machine used for that was unclean, he specifically asked for a blood test. Sparks said that police responded to his request by telling him that a blood test could not be administered until after he had submitted to a breath test.
On cross-examination, the City's prosecutor asked Sparks if he recalled having been convicted on a previous occasion.[1] This question elicited an immediate objection from defense counsel, and the circuit court sustained the objection. Defense counsel then moved for a mistrial. After the circuit court gave the jury a corrective instruction, and after no jurors indicated that they could not disregard the prosecutor's improper question, the court denied Spark's motion for a mistrial.
The jury convicted Sparks of both of the charges brought against him. The circuit court sentenced Sparks on the DUI conviction to 24 days in jail — with four days to be served and 20 suspended — and ordered him to pay a $1,500 fine, plus $141 in court costs. On the conviction for running a stop sign, the court fined Sparks $100 and ordered him to pay $149 court costs. The Court of Criminal Appeals affirmed Spark's convictions with an unpublished memorandum, holding that the circuit court did not abuse it's discretion by denying Spark's motion for a mistrial.Sparks v. City of Weaver, 727 So.2d 182 (Ala.Cr.App. 1997) (table). Sparks petitioned for certiorari to determine whether Sparks was denied his right to a fair trial when the City's prosecutor asked him about a prior DUI conviction and the circuit court subsequently denied his motion for a mistrial. *Page 115 
It is undisputed that the City's prosecutor deliberately asked Sparks in the presence of the jury, about a prior DUI conviction. Furthermore, it is uncontroverted that Sparks interposed a timely objection to the prosecutor's question and also made a timely motion for a mistrial Thus, the only question to be resolved is whether the prosecutor's improper question[2] was so prejudicial to Sparks's case that it rendered the circuit court's corrective jury instruction insufficient to ensure a fair trial. If the prosecutor's question did evoke prejudice to that degree, then the circuit court abused it's discretion by not granting Sparks's motion for a mistrial and his convictions are due to be reserved.
In it's brief, the City relies on numerous decisions in which the Court of Criminal Appeals has held that granting a mistrial is unnecessary under circumstances similar to those of Spark's trial. In those cases, the Court of Appeals has reasoned that when a prosecutor asks a defendant about a prior arrest or conviction, and the question is objected to and the circuit court sustains the objection, a corrective instruction admonishing the jury to disregard the prosecutor's improper question is sufficient to eradicate any prejudice to the defendant's case and a mistrial is unwarranted. See, e.g., Breedlove v. State,482 So.2d 1277 (Ala.Crim.App. 1985); Walker v. State, 428 So.2d 139
(Ala.Crim.App. 1982); Carter v. State, 428 So.2d 139
(Ala.Crim.App. 1982); Carter v. State, 405 So.2d 957 (Ala.Crim.App.) cert.denied, 405 So.2d 962 (Ala. 1981); Favor v. State, 389 So.2d 556
(Ala.Crim.App. 1980).
However, notwithstanding the cases cited by the City, this Court cannot condone a prosecutor's attempt to elicit testimony about a defendant's prior convictions in violation of the general exclusionary rule against such evidence. See Ex parte Tucker,474 So.2d 134 (Ala. 1985); Ex parte Arthur, 472 So.2d 665 (Ala. 1985); Ex parte Cofer, 440 So.2d 1121 (Ala. 1983); Hinton v.State, 280 Ala. 48, 189 So.2d 849 (1966); Ala. R. Evid. 404(b); C. Gamble, McElroy's Alabama Evidence, § 27.02 (5th ed. 1996). Moreover, reported cases involving such improper questioning — and a subsequent denial of the defendant's motion for a mistrial — are all too common, as demonstrated by the number of such cases cited in the City's brief and in the Court of Criminal Appeals' memorandum affirming Spark's convictions. Consequently, it appears to this court that the current approach to these situations is inadequate insofar as it allows prosecutor's a "free shot" at asking an improper question about a defendant's prior criminal record while providing while providing little means to protect the defendant's right to a fair trial other than a mere corrective instruction to jurors, which is administered only after the defendant has been exposed to prejudice caused by the prosecutor's questioning.
 "`[D]espite a corrective instruction, once such statements are made, the damage is hard to undo: "Otherwise stated, one `cannot unring a bell'; `after the thrust of the saber it is difficult to say *Page 116 
forget the wound'; and finally, `if you throw a skunk into the jury box, you can't instruct the jury not to smell it.'" Dunn v. United States, 307 F.2d 883, 886
(5th Cir. 1962).'"
Quinlivan v. State, 579 So.2d 1386, 1389 (Ala.Crim.App.), writquashed, 596 So.2d 658 (Ala. 1991) (quoting United States v.Garza, 608 F.2d 659, 666 (5th Cir. 1979)). The prosecutor's improper cannot be rectified by simply instructing the jurors to disregard the prejudice that has already been inflicted.
The City presented evidence to support its DUI charge against Sparks. Nonetheless, a conviction on the DUI charge was by no means a certainty, because in his defense Sparks presented evidence that, if believed by the jury, could have established a reasonable doubt as to his guilt on the DUI charge. Consequently, the prosecutor's improperly questioning Sparks about his previously having been convicted of DUI resulted in substantial prejudice to his defense. Because this prejudice could not be eradicated by a mere corrective instruction to the jury, the circuit court should have granted Sparks's motion for a mistrial. However, we reverse only the conviction on the DUI charge, because Sparks admitted that he had run the stop sign. The prosecutor's improper reference to the former DUI conviction could not have prejudiced Sparks on the charge of running the stop sign, because he admitted committing the act that constitutes that offense, and no issue of intent or degree of culpability was presented.
The judgment of the Court of Criminal Appeals is affirmed as to the conviction for running a stop sign and reversed s to the conviction for driving under the influence of alcohol, and the cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
HOOPER, C.J., and SHORES, KENNEDY, and LYONS, J.J., concur.
COOK, J., concurs specially.
SEE, J., concurs in part and concurs in the result in part.
MADDOX, J., dissents.
[1] the record indicates that Sparks had been charged with DUI in January 1993. He subsequently pleaded guilty to the charge.
[2] The record reflects that the prosecutor defended her question to Sparks by calling the circuit court's attention to Ala. R. Evid. 609(a)(1)(B), which states:
 "[E]vidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused. . . ."
However, the term such a crime" as used in Rule 609 (a)(1)(A), which states:
 [E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in the excess of one year under the law under which the witness was convicted. . . ."
Because Sparks could not have been punished by death or by imprisonment for more than a year for his prior DUI offense, his being impeached by questioning about that offense was clearly not allowed under any part of Rule 609 and the prosecutor's question was therefore improper.