I agree that, except for the two improper comments by the prosecutor addressed in the main opinion, the record presents no reason for reversing the judgment of the Court of Criminal Appeals. However, I think those improper comments require a reversal.
The trial court had granted a motion in limine to prevent any reference to the fact that at the time of his trial for capital murder Hammonds was incarcerated for an unrelated crime, an attempted murder. The trial court had done all in its power to assure that the jury not learn that Hammonds, after the date of the killing he was on trial for, had allegedly committed, and had been convicted for, another offense and was, at the time of his trial for capital murder, incarcerated for that subsequent offense. The State, in closing arguments, and in defiance of the limitation the trial court had set, said: "[H]e [i.e., Hammonds] couldn't keep the story straight in prison." Hammonds moved for a mistrial, which the judge denied. The judge should have declared a mistrial.
During defense counsel's cross-examination of witness Greg Gordon, the prosecutor objected:
"[Prosecutor, objecting]: He can't testify —
". . . .
 "Prosecutor: — what Mr. Hammonds would do. Let him testify.
"The Court: Sustained."
Defense counsel objected to the prosecutor's comment as an improper prosecutorial comment on the defendant's decision not *Page 779 
to testify. Ex parte Sparks, 730 So.2d 113 (Ala. 1998).
In Ex parte Brooks, 695 So.2d 184, 188 (Ala. 1997), this Court wrote: "Comments by a prosecutor on a defendant's failure to testify are highly prejudicial and harmful, and courts must carefully guard against a violation of a defendant's constitutional right not to testify."
Because of these improper comments by the prosecutor, I would reverse the judgment of the Court of Criminal Appeals and remand for that court to order a new trial. Therefore, I dissent.
Lyons, J., concurs.