PER CURIAM.
The appellant, Robert Upton, was found guilty of felony driving under the influence (case no. CC-03-330). He also was found guilty of resisting arrest, failure to drive in a single lane, and failure to drive on the right side of the road (case no. CC-03-331]. The trial court sentenced him to six years’ imprisonment on the DUI conviction and ordered him to complete a substance-abuse program and to pay a $5,000 fine, a $50 crime victims’ assessment, and court costs. The court sentenced him to 90 days’ imprisonment for the resisting-arrest conviction, to run concurrently with the DUI sentence. The court ordered Upton to pay a $50 fine for each of the two driving infractions, as well as a $25 crime victims’ assessment and court costs in the latter case.
The State’s evidence tended to show as follows: On December 4, 2002, Decatur police officer Joe Renshaw received a report that a person was driving recklessly. He followed the reported vehicle for several blocks and watched it drift into the left turn lane several times and travel on the wrong side of the road. Renshaw activated his blue lights, but the driver did not stop. He then activated his siren, but the driver proceeded an additional half block before pulling into a driveway and parking halfway on the lawn. According to the officer, the driver, Robert Upton, had the odor of an alcoholic beverage on his breath; his speech was slurred; and his eyes were red and glazed. He asked to go to the bathroom, and Officer Renshaw told him to wait until a backup officer arrived. Despite this instruction, Upton walked to the side of the house, urinated, and then fled. Officer Renshaw caught him and ordered him to stay on the ground, but Upton refused to obey. Officer Renshaw then sprayed him with pepper spray. After a struggle, Renshaw was able to handcuff Upton and, with the help of the backup officer, place him into the patrol car. Officer Renshaw then searched Upton’s ear. Behind the driver’s seat, he found an empty 16-ounce beer can that was cool to the touch and had condensation on the *1107 outside. He also found a number of old, empty beer cans inside the vehicle. Officer Renshaw took Upton to the city jail, where Upton twice refused to take a breathalyzer test. Upton testified in his own behalf that he did not drive home by the route or in the manner Officer Ren-shaw described. He stated that he drank one sip of beer before he left work and that he fled because he was frightened when he saw something in Officer Ren-shaw’s hand.
Upton contends that the trial court erred in permitting the prosecutor to impeach him with evidence of his prior DUI offenses. He argues that that evidence was more prejudicial than probative and that the court’s corrective instructions were insufficient to protect his rights and to ensure a fair trial. He argues that before admitting the prior DUI convictions to contradict his testimony, the court should have clarified his statement and considered the tense of the verb he used because it was feasible that he had changed since those convictions and had not drunk alcohol and driven since 1997.[1] He argues that the court also should have “looked more closely at the remoteness of the prior convictions.”[2]
During the prosecutor’s cross-examination of the appellant, the following occurred:
“Q. Sir, you know if a person drinks and drives and gets in a car, that’s a potential lethal combination? You risk yourself and their life as well?
“A. Correct.
“Q. It was your determination to drink beer and drive?
“A. No, sir. I had a guy with me. He don’t drink. I took that one sip of beer, I mean — -he would have drove. I don’t drink and drive.
“Q. I’m sorry?
“A. I do not drink and drive.
“Q. You don’t drink and drive?
“A. No, sir.
“Q. Never had a drink and driven.
“[DEFENSE COUNSEL]: Your Honor, we’re going to object to this.
“A. Don’t anymore.
“[DEFENSE COUNSEL]: Judge, may we approach?
(WHEREUPON, an off-the record discussion took place.)
“THE COURT: Ladies and gentlemen, I need to excuse you from the courtroom for just a minute, and deal with a legal issue that’s of some consequence here. I want to make sure that this is handled correctly. So if you will just remain outside the door and we’ll come for you in just a minute.
“(Jury not present.)
“THE COURT: All right. While the jury is outside the courtroom, let me ask you this, John. In light of what Mr. Upton just testified, he’s testifying that he doesn’t drink and drive or hasn’t drank and drive[n], is it your intent now to cross-examine him or to attempt to impeach him with evidence of the prior DUI convictions?
“[PROSECUTOR]: Yes, sir. He opened the door to that. It was volunteered by [Upton], and it was not in reference to any question, and he made a very broad statement that [sic], and we intend to cross him on this issue.
“THE COURT: George?
*1108 “[DEFENSE COUNSEL]: Your Honor, maybe Scott should read it back. I think his words were, T don’t drink and drive.’ He never said, I never drink and drive — he says I don’t — people change. Mr. Upton is one of those people that has changed, and what he’s talking about is the present, and caselaw after caselaw says prior DUIs are strictly for the penalty phase only, and it’s a mistrial if it comes in during the guilt phase.
“[PROSECUTOR]: Judge, that was not the testimony that I remember.
“THE COURT: Well, let’s ask Scott to read it back.
“[PROSECUTOR]: He stated never had. That was clearly the testimony that I heard.
“THE COURT: All right. I wrote it down, his exact words, George. I’m of the opinion that if he wishes to offer evidence of prior DUI convictions in light of Mr. Upton’s statement, testimony, that he’s entitled to do so for impeachment purposes.... ”
The court advised the prosecutor that if he offered the prior convictions, the court would instruct the jury that it could consider those prior convictions for the sole purpose of determining Upton’s credibility. The prosecutor asked Upton about DUI convictions he had received in October 1988; on October 30, 1991; on December 18, 1997; and on October 27, 1998; and Upton admitted the convictions. The court then instructed the jury that it was to use this evidence only for the purpose of determining Upton’s credibility. The court repeated this instruction during its oral jury charge.
Under the general exclusionary rule, evidence of a defendant’s collateral offenses is inadmissible solely for the purpose of proving his guilt as to the charged offense. Anonymous v. State, 507 So.2d 972 (Ala.1987). Upton’s prior convictions were not admissible under Rule 404(b), Ala. R. Evid. (which contains a nonex-haustive list of proper purposes for which such evidence may be used) or Rule 609, Ala. R. Evid. (which permits impeachment by evidence of prior felony convictions or crimes involving dishonesty or false statement). They also were not admissible under the “curative admissibility” or “open-the-door” doctrine, as the trial court erroneously believed.
Upton’s testimony regarding his use of alcohol was inconsistent and unclear.[3] However, a review of the trial transcript reveals that he did not specifically state that he had never driven after drinking or that he had never been convicted of DUI. Compare Channell v. State, 477 So.2d 522 (Ala.Crim.App.1985)(in which the defendant opened the door for the admission of his misdemeanor conviction for possession of marijuana by denying that he had ever seen marijuana before). Upton’s prior DUI convictions should not have been admitted to rebut the statements he made at trial.
In Ex parte Sparks, 730 So.2d 113 (Ala.1998), the Alabama Supreme Court reversed the defendant’s conviction for DUI because the prosecutor asked him if he had been convicted of DUI on a previous occasion. The Court stated:
“Given the highly prejudicial nature of evidence of a defendant’s prior arrests and convictions, especially when the defendant is questioned about having previously been convicted of the same offense for which he is being tried, it is *1109 difficult to expect that a jury could, even in all earnestness, completely disregard the prosecutor’s improper questioning in reaching its verdict. There are some errors that simply cannot be corrected with a mere corrective instruction to the jury.”
Sparks, 730 So.2d at 115.
The error in the present case is more damaging because it includes a detailed response to the improper question. This case, like Sparks, “squarely falls into th[e] category of errors that cannot be rectified by simply instructing the jurors to disregard the prejudice that has already been inflicted.” Sparks, 730 So.2d at 116. Furthermore, we cannot say that the admission of Upton’s prior convictions was harmless error. Upton testified that he had had only one sip of beer to drink before he drove home. This testimony, if believed by the jury, could have established reasonable doubt as to his guilt of the DUI offense.
Upton does not appear to challenge his convictions of resisting arrest, failing to drive in a single lane, and failing to drive on the right side of the road. However, in an abundance of caution, we note that the evidence of the prior DUI convictions was not as prejudicial with regard to those charges because they were not similar offenses. When the prior act and the charged act are similar, the danger of unfair prejudice increases. Moore v. State, 878 So.2d 328 (Ala.Crim.App.2003).
The State offered persuasive evidence that Upton had committed the three non-DUI offenses. Upton’s testimony regarding the route he took and the manner in which he drove was contradicted by the arresting officer and by the reporting witness. His testimony regarding his fear at seeing something in Officer Renshaw’s hand did not explain his refusal to get into the patrol car after he was apprehended. We also note that the jury’s verdict apparently was not a product of emotion or prejudice. The jurors found Upton not guilty of Count II of the indictment, failing to display evidence of insurance. In light of the strength of the State’s case and the lack of prejudice suggested by the verdict, the admission of Upton’s prior DUI convictions was not so prejudicial as to require the reversal of his three non-DUI convictions.
The judgment of the trial court is affirmed as to the convictions for resisting arrest, failing to drive in a single lane, and failing to drive on the right side of the road; it is reversed as to the conviction for driving under the influence of alcohol. This cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur. BASCHAB, J., dissents, with opinion.

. This date appears to be incorrect. The prosecutor questioned Upton about a DUI conviction he received on October 27, 1998, not 1997.

. The appellant did not present any objection or argument concerning remoteness to the trial court. Therefore, this court will not consider that argument on appeal. Eastland v. State, 677 So.2d 1275 (Ala.Crim.App.1996).

. Upton stated, at various times, that he had had "one sip” of beer at work but that he did not consider it to be "drinking;” that he had had "nothing” to drink before he was stopped; that he does not drink; and that he no longer drinks "to the extent where [he] get[s] drunk.”