990 So.2d 280 (2007)
Ex parte Deborah R. TISDALE.
In re Deborah R. Tisdale
v.
State of Alabama.
1060021.
Supreme Court of Alabama.
December 7, 2007.
*281 Thomas M. Goggans, Montgomery, for petitioner.
Submitted on petitioner's brief only.
MURDOCK, Justice.
On November 6, 2006, this Court granted Deborah R. Tisdale's petition for a writ of certiorari to the Court of Criminal Appeals. We now reverse and remand.
On the morning of July 16, 2004, Tisdale was driving to work when she passed an automobile traveling in her lane. The road on which Tisdale was traveling was a two-lane state highway, and, at the place where she passed the other automobile, the speed limit was 55 miles per hour. David Ratliff, an Alabama state trooper, was traveling in the opposite direction on the same highway and, after witnessing Tisdale pass the slower automobile, he determined, using his radar speed detector, that she was traveling at a rate of 76 miles per hour. Trooper Ratliff turned on his blue lights, turned his automobile around, and began following Tisdale. As he followed Tisdale, he clocked her speed on two *282 additional occasions. On the first, he found her to be traveling at 80 miles per hour; on the second, approximately 90 miles per hour.
After Tisdale and Trooper Ratliff had traveled approximately four miles, with Trooper Ratliff's automobile some distance behind Tisdale's automobile, Tisdale came upon a truck that was traveling in her lane but at a substantially slower speed. Once Tisdale was behind this truck, Trooper Ratliff caught up to her. At this point, Tisdale pulled her automobile onto the shoulder of the road and stopped. Trooper Ratliff ticketed her for speeding, attempting to elude an officer, and driving too closely to the truck. At trial, Tisdale testified that she did not see Trooper Ratliff's automobile, in spite of the fact that he had turned on his blue lights, until his automobile was close to hers, because she normally drove in the evening and, as a result, had her rear-facing mirrors in a position that would dim any lights behind her.
On August 28, 2004, Tisdale was driving on a different two-lane state highway when she came upon two automobiles traveling slower than she was, and she began to pass them. She testified at trial that, as she pulled even with the automobile in the front, which was an unmarked truck driven by Shane Mayfield, a deputy with the Chilton County sheriff's office, she noticed that Mayfield's truck was speeding up and coming over the middle line of the road. Tisdale saw that an automobile was approaching her from the opposite direction. According to Tisdale, because of the oncoming vehicle, she blew her horn, speeded up, and returned to her lane of travel.
According to Mayfield, Tisdale's return to the proper lane of travel forced his truck off of the road. Mayfield returned to the road and radioed ahead to an officer who was on duty, asking that officer to pull Tisdale's vehicle over. The officer did so. When Mayfield reached Tisdale's automobile, he gave her a ticket for reckless driving.
On December 2, 2004, the Chilton District Court entered a judgment finding Tisdale guilty of all the charges stemming from the above-described incidents. The court sentenced her to 90 days in jail, with all but 48 hours of that term suspended. The court also sentenced her to one year of probation, along with a fine. Tisdale appealed the district court's judgment to the Chilton Circuit Court for a trial de novo.
Over Tisdale's objection, the circuit court consolidated for trial the charges arising from the July incident and the charges arising from the August incident. After the charges were consolidated, Tisdale filed a motion to sever the offenses, which the trial court denied.
Following a jury trial, Tisdale was found guilty of speeding (related to the July incident) and reckless driving (related to the August incident). She was found not guilty with regard to the attempting-to-elude and following-too-close charges stemming from the July incident. The trial court sentenced Tisdale to 90 days in jail, but suspended that sentence. The trial court also sentenced Tisdale to two years' probation and a $250 fine and required her to attend a driving course.
Tisdale appealed to the Court of Criminal Appeals, arguing that the trial court had erred when it consolidated the charges from the two separate incidents for trial. That court affirmed the trial court's judgment, in an unpublished memorandum. Tisdale v. State (No. CR-05-0654, August 18, 2006), 988 So.2d 1078 (Ala.Crim.App.2006)(table).
*283 Tisdale contends that the judgment of the Court of Criminal Appeals was in error. Specifically, she contends that the trial court's judgment should have been reversed because, she says, it improperly consolidated for trial the charges stemming from the July and August incidents, which incidents, she argues, were separate and unrelated. We agree.
Rule 13.3, Ala. R.Crim. P., provides, in relevant part:
"(a) Offenses. Two or more offenses may be joined in an indictment, information, or complaint, if they:
"(1) Are of the same or similar character; or
"(2) Are based on the same conduct or are otherwise connected in their commission; or
"(3) Are alleged to have been part of a common scheme or plan.
"....
"(c) Consolidation. If offenses ... are charged in separate ... complaints, the court on its own initiative or on motion of either party may order that the charges be tried together ... if the offenses... could have been joined in a single ... complaint."
In King v. State, 518 So.2d 880, 884 (Ala.Crim.App.1987), the Court of Criminal Appeals stated that "[t]he question of the propriety of joinder under Rule [13.3(a)] is a question of law, subject to full appellate review." That court noted, however, that "the harmless error doctrine is applicable to misjoinder; misjoinder requires reversal `only if the misjoinder results in actual prejudice because it "had substantial and injurious effect or influence in determining the jury's verdict."'" 518 So.2d at 884 (quoting United States v. Lane, 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986), quoting in turn Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).[1]
In the present case, the charges against Tisdale related to the July incident are not based on the same conduct giving rise to the charge against Tisdale related to the August incident, nor is there any basis on which to conclude that the July charges are connected in their commission with the August charge. Furthermore, the charges stemming from each incident are not "alleged to have been part of a common scheme or plan." Thus, the trial court properly consolidated the charges stemming from the July incident with the charge from the August incident only if the charges were "of the same or similar character."
This Court discussed the "same or similar character" basis for consolidation in Ex parte Pincheon, 751 So.2d 1219 (Ala.1999). Quoting Kennedy v. State, 640 So.2d 22 (Ala.Crim.App.1993), this Court stated:
"`Rule 13.3(a) is "patterned after Rule 8(a) of the Federal Rules of Criminal Procedure." H. Maddox, Alabama Rules of Criminal Procedure 405 (1990). In deciding consolidation claims under Rule 13.3, Ala. R.Crim. P., this Court has followed the case law interpreting Federal Rule 8. See, e.g., Hinton v. State, 548 So.2d 547, 554 (Ala.Crim.App. *284 1988), affirmed, Ex parte Hinton, 548 So.2d 562, 566 (Ala.1989), cert. denied, 493 U.S. 969, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989); Langham v. State, 494 So.2d 910, 915 (Ala.Crim.App.1986). One noted commentator on the federal rules has observed:
"`"It is the `same or similar character' aspect of Rule 8(a) which has provoked the greatest controversy and proved the most difficult to interpret.... The arguments against this form of joinder are stronger than those against the other forms of joinder under Rule 8(a). When the government joins offenses based on the same acts or transactions or connected acts or transactions, the prosecution is spared the burden of proving the same set of facts more than once. There is no comparable saving of trial time when offenses that are related only by being of the same type are joined, since the offenses are usually proven by different bodies of evidence. Thus, when totally unrelated, similar offenses are joined, defendant faces a `considerable' risk of prejudice."

"`8 Moore's Federal Practice ¶ 8.05[1] at 8-17 and ¶ 8.05[4] at 8-21 to 8-22 (2d ed.1991) (footnotes omitted).
"`As we observed in Jenkins v. State, 472 So.2d 1128 (Ala.Crim.App.1985):
"`"`Decisions applying the "same or similar character" test have generally failed "to provide criteria which would provide guidance as to the precise scope of this rule." The view seems to be gaining acceptance, however, that the most important consideration is whether evidence of one offense would have been admissible at a trial of the other offense.'"
"`Jenkins, 472 So.2d at 1129 (quoting C. Wright, Federal Practice and Procedure: Criminal 2d § 143 (1982)).'"
751 So.2d at 1222 (quoting Kennedy, 640 So.2d at 28-29) (emphasis added). Both this Court and the Court of Criminal Appeals have indicated that the most important consideration in determining whether criminal offenses can be consolidated on the basis that they are of the same or similar character is whether evidence of each offense would be admissible in a trial of the other. See Ex parte Hinton, 548 So.2d 562, 566 (Ala.1989); Kennedy v. State, 640 So.2d at 29. See also Lewis v. State, 889 So.2d 623, 661 (Ala.Crim.App. 2003) ("Thus, consolidation in this case was proper only if evidence of each offense would be admissible at a separate trial of each of the other offenses.").
Rule 404(b), Ala. R. Evid., embodies the common-law principle related to whether evidence of the prior or subsequent bad acts of a criminal defendant is admissible against that defendant in the trial of unrelated charges. See Ex parte Casey, 889 So.2d 615, 617-18 (Ala.2004). That rule provides:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."
In its unpublished memorandum, the Court of Criminal Appeals stated:
"Tisdale's July offense would have been admissible in a separate trial of the August offense to prove her intent in the August incident.... Evidence of the July incident would have been admissible to rebut Tisdale's claim that her intent in blowing her horn and speeding past Mayfield was simply to alert him that he was speeding up and drifting toward the yellow line."
*285 We disagree. First, Tisdale did not contend in the trial court that "her intent in... speeding past Mayfield" was to "alert him that he was speeding up and drifting toward the yellow line." Although she did testify as to her intent in blowing her horn as she was passing Mayfield, the record does not provide any basis on which to conclude that this was a matter of any significance. Indeed, there is no evidence indicating that her citation for reckless driving had anything to do with the fact that she blew her horn as she passed Mayfield. Moreover, even if the basis for her August citation rested, at least in part, on her blowing her horn, we fail to see how evidence of the July offense sheds light on the reason she blew her horn as she was attempting to pass Mayfield.
We have considered whether there are other potential bases on which evidence of either offense could be admissible in the trial of the other offense. We conclude that no such basis exists and that the only purpose served by the introduction of one of the offenses in the trial of the other would be to show that Tisdale has a propensity for speeding. Under Rule 404(b), such evidence is not admissible for that purpose. See Ex parte Casey, 889 So.2d 615, 622 (Ala.2004).
Because evidence of each of the incidents would not be admissible in a trial of the other incident, the trial court could not have properly consolidated the offenses for trial under the "same or similar character" basis for consolidation. As previously noted, the other bases for consolidation set out in Rule 13.3, Ala. R.Crim. P., are not applicable in this case. As a result, the trial court erred when it consolidated the offenses arising from the two incidents.
We also conclude that the trial court's judgment cannot be affirmed on the basis that its error in consolidating the offenses was harmless.
"`Evidence of prior bad acts of a criminal defendant is presumptively prejudicial to the defendant. It interjects a collateral issue into the case which may divert the minds of the jury from the main issue. Kilpatrick v. State, 51 Ala. App. 352, 285 So.2d 516 (1973), cert. denied, 291 Ala. 628, 285 So.2d 525 (1973). Therefore the admission of such evidence constitutes reversible error. Hinton v. State, 280 Ala. 48, 189 So.2d 849 (1966).'"
Ex parte Drinkard, 777 So.2d 295, 302 (Ala.2000) (quoting Ex parte Cofer, 440 So.2d 1121, 1124 (Ala.1983)). The error in the present case allowed the jury to improperly consider charges (or alleged bad acts) stemming from each of the unrelated incidents at issue. Because of the jury's finding of guilt as to one charge from each of the incidents, we cannot "find conclusively that the trial court's error did not affect the outcome of the trial or otherwise prejudice a substantial right of the defendant" as we must in order to affirm the judgment on the basis of the harmless-error rule. Ex parte Crymes, 630 So.2d 125, 126 (Ala.1993).
Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals affirming the trial court's judgment. The cause is remanded to that Court for an order consistent with this opinion.
REVERSED AND REMANDED.
WOODALL and PARKER, JJ., concur.
SEE, LYONS, STUART, SMITH, and BOLIN, JJ., concur in the result.
COBB, C.J., recuses herself.
STUART, Justice (concurring in the result).
I agree with the main opinion that the trial court erred in consolidating for trial the July offenses of attempting to elude, *286 following too close, and speeding with the August offense of reckless driving.
For consolidation of separate offenses occurring at different times to be proper, the offenses have to be "of the same or similar character," "based on the same conduct or ... otherwise connected in their commission," or "alleged to have been part of a common scheme or plan." Rule 13.3(a) and (c), Ala. R.Crim. P. The trial court rules on a motion to consolidate before trial. In a criminal case, the decision is based on the State's proffer of the evidence and without the benefit of knowing whether the defendant will testify and what issues the defendant's testimony may place in dispute.
In this case, the facts as presented by the State at trial establish that the only potential ground for proper consolidation was that the offenses were "of the same or similar character." Both the July offenses and the August offense involved Tisdale's operation of her vehicle; otherwise the facts surrounding the offenses are distinguishable. The fact that the July offenses and the August offense involved Tisdale's operation of her vehicle does not make the offenses "of the same or similar character." Indeed, the facts surrounding the July offenses and the August offense involve different circumstances and resulted in charging different violations of the Alabama Code. Nothing presented by the State makes the two incidents and the resulting charged offenses "of the same or similar character" or overcomes the prejudice that Tisdale incurred by being forced to defend against the offenses at the same time. Cf. Ex parte Pincheon, 751 So.2d 1219 (Ala.1999)(holding that the trial court exceeded the scope of its discretion in refusing to sever a charge of interference with the custody of a minor and the charge of first- and second-degree rape involving two separate victims because the only connection between the two offenses was the fact that the victims were sisters and that connection alone did not make the offenses of the same or similar character). Because the offenses in this case were not of the same or similar character, I maintain that the consolidation of the offenses for trial was improper; therefore, I concur in the result of the main opinion.
LYONS, SMITH, and BOLIN, JJ., concur.
NOTES
[1] Once a trial court properly consolidates separate charges for a single trial, a defendant can seek relief from the consolidation by moving for a severance under Rule 13.4, Ala. R.Crim. P. See Ex parte Scott, 728 So.2d 172, 181 (Ala.1998). A defendant seeking relief from the proper consolidation of multiple charges must demonstrate "`"compelling prejudice which the trial court cannot protect against and which causes him to receive an unfair trial."'" Id. (quoting Snell v. State, 677 So.2d 786, 789 (Ala.Crim.App.1995)). Whether to grant such relief is a question committed to the sound discretion of the trial court. Id.