JOINER, Judge,
concurring in the result.
Although I fully concur with the decision of the court to affirm the convictions and sentences of William B. James, I write specially to address the dissenting opinion; specifically, I write to note that the arguments and analysis presented in the dissenting opinion are not found in James’s brief on appeal.
James was indicted by six separate indictments on two charges of first-degree robbery and four charges of first-degree theft of property; the trial court, over James’s objections, granted the State’s motion to consolidate the charges for trial under Rule 13.3, Ala. R.Crim. P. James was subsequently convicted of the charged offenses.
On appeal, James ostensibly raises one issue. Specifically, James contends that “the trial court erred in allowing the State to consolidate the robbery charges and the theft of property charges over [James’s] objections.” (James’s brief, pp. 5, 15-16.) According to James, “the evidence of one offenses [sic] would not have been admissible at the trial of the other offenses and the consolidation therefore prejudiced him.” (James’s brief, p. 16.) More specifically, James argues:
“The trial court over [James’s] objection allowed evidence of three guilty pleas to Burglary on the Friday prior to the trial of [James]. The Burglary’s *168 [sic] were where [James] drove a stolen pickup ... into a store front and stole various items. These thefts were caught on video tape and shown to the victims and during the trial of [James].
“James argues, as he did in the trial court, that the crimes were not connected in their commission and that this ground did not support consolidation of the charges for trial.
“These crimes were not committed within a short span of time, nor were they part of a sequence or series of events. Nor could have they been used for identity purposes. During the trial of [James], no witness testified that they could identify [James]. [One witness] testified that he could only describe a large black man that robbed him. In all four theft cases, there was no evidence to connect [James] with the stolen pickup, utility trailer, backhoe or ATM machine.”
(James’s brief, pp. 17-18.) To further this argument, James provides the following from Tillman v. State, 89 So.3d 832 (Ala.Crim.App.2011):
“The prejudice from consolidation was particularly acute in this case because the State’s evidence of the forgery was much stronger than its evidence that Mr. Tillman intended to kill. The spillover effect from the forgery evidence made it likely the jury overlooked weaknesses in the State’s proof of intent because it was confident that he was guilty of a charged offense. See Jenkins v. State, 472 So.2d 1128, 1130 (Ala.Crim.App.1985) (finding prejudice because ‘the overwhelming likelihood that proof that [the defendant] was guilty of one offense was used to convict him of another even though proof of that guilt would have been inadmissible at a separate trial’)
(James’s brief, p. 18 (quoting Tillman v. State, 89 So.3d at 839, quoting in turn Tillman’s brief, p. 34)). As the citation indicates, the passage from Tillman is, in fact, this Court quoting with approval an argument made by Tillman in his appellate brief.
James then concludes his argument by asserting that “[t]he same hold [sic] true with [James], the State was allowed to introduce evidence of prior guilty pleas of [James] during his trial.” (James’s brief, p. 19.)
As an apparent afterthought, James then argues:
“[James] also objects under Rule 404(b), Ala. R. Evid., on the introduction of the video tapes of the burglaries that [James] previously enter a guilty plea.
“Rule 404(b), Ala. R. Evid., embodies the common-law principle related to whether evidence of the prior or subsequent bad acts of a criminal defendant is admissible against that defendant in the trial of unrelated charges.”
(James’s brief, p. 19.) James then block-quotes language from Rule 404(b), Ala. R. Evid., after which he 'argues:
“Evidence of prior bad acts of a criminal defendant is presumptively prejudicial to the defendant.
“It interjects a collateral issue into the case which may divert the minds of the jury from the main issue. Kilpatrick v. State, 51 Ala.App. 352, 285 So.2d 516 (1973), cert. [d]enied, 291 Ala. 628, 285 So.2d 525 (1973).
“ ‘Therefore the admission of such evidence constitutes reversible error. Hinton v. State, 280 Ala. 48,189 So.2d 849 (1966).’
“Ex parte Drinkard, 777 So.2d 295, 302 (Ala.2000) (quoting Ex parte Cofer, 440 So.2d 1121, 1124 (Ala.1983)). The error in the present case allowed the jury to *169 improperly consider charges (or alleged bad acts) stemming from each of the unrelated incidents at issue. Because of the jury’s finding of guilt as to one charge from each of the incidents, we cannot ‘find conclusively that the trial court’s error did not affect the outcome of the trial or otherwise prejudice a substantial right of the defendant’ as we must in order to affirm the judgment on the basis of the harmless-error rule. Ex parte Crymes, 630 So.2d 125, 126 (Ala.1993).”
(James’s brief, pp. 19-20.)
The above-quoted passages are nearly exhaustive of the arguments presented by James in the five-page argument section of his brief.
James’s two arguments — that the charges were improperly consolidated and that evidence was improperly admitted[1]— are reviewed for abuse of discretion. Bailey v. State, 75 So.3d 171, 184-85 (Ala.Crim.App.2011); Culver v. State, 22 So.3d 499, 507 (Ala.Crim.App.2008). “The trial judge’s actions are presumptively correct in the absence of a showing to the contrary. On appeal, error is not presumed and the party claiming that a trial judge has abused his discretion has the burden of persuasion.” Gratton v. State, 456 So.2d 865, 872 (Ala.Crim.App.1984) (citations omitted). Quite simply, it is James’s burden of persuasion on appeal to demonstrate that the trial court abused its discretion and I do not believe that he has met it.
I find the analysis in the dissenting opinion to be concise and persuasive and, had James made similar arguments, I would be inclined to agree with a different outcome in this matter; nevertheless, as the above-quoted passages from James’s appellate brief indicate, the arguments and analysis in the dissenting opinion are not found in James’s brief.[2] Unlike the dissent, James provides little or no factual analysis in support of his arguments. In reference to his consolidation argument, James relies exclusively on his block quote of Tillman; as indicated above, however, the Tillman passage is this Court quoting with approval an argument made by an appellant on a similar issue. James, however, proffered no such analysis of his case; it is not the function of this Court to make arguments for James. See Ex parte Borden, 60 So.3d 940, 943 (Ala.2007) (“[I]t is not the function of this Court to do a party’s legal research *170 or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.” (quotations and citations omitted)).
James has failed to meet his burden of persuasion, and I agree with the majority that this matter is due to be affirmed.

. I strongly question whether James’s second argument — regarding the admissibility of evidence pursuant to Rule 404(b), Ala. R. Evid.— is properly preserved for appellate review; specifically, it does not appear that James squarely presented this issue to the trial court. In response to the State’s motion to consolidate, James includes a citation to Rule 404(b) as part of a string cite and, in a footnote, quoted the relevant language from the rule. C. 36. James did not, however, squarely make any Rule 404(b)-type argument in that response. Likewise, at the start of trial, James merely argued that "the robbery cases being consolidated [with] those cases and bringing in evidence — and what it is, its conformity use of character evidence is what it amounts to. Its improper use of character evidence.” (R. 7.) James again, however, failed to squarely raise any Rule 404(b)-type argument.

. The dissenting opinion, relying on Ex parte Tisdale, 990 So.2d 280 (Ala.2007), states;
"Misjoinder of charges is as inherently prejudicial as is the erroneous admission of evidence of collateral bad acts prohibited by Rule 404(b), Ala. R.Crim. P. The Alabama Supreme Court has discussed the error of misjoinder with an analysis following and referring to Rule 404(b), and finding reversible error.”
93 So.3d at 170. I question the precedential value of Ex parte Tisdale because it is a plurality decision; notably, only two Justices concurred with the main opinion, authored by Justice Murdock, and five Justices concurred in the result.